JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ricky Dunbar, Jr. ("defendant"), appeals his convictions in the Court of Common Pleas for gross sexual imposition. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 24, 2006, defendant was indicted by the Cuyahoga County Grand Jury for four counts of gross sexual imposition of a minor in violation of R.C. 2907.05, with sexually violent predator specifications, and two counts of kidnapping in violation of R.C.2905.01, also with sexually violent predator specifications. On January 17, 2007, a jury trial began.
 {¶ 3} At trial, the victim gave the following testimony: She was eleven years old at the time of the incidents. From April 13 through April 18, 2006, she was staying at her paternal grandmother's house for Easter break. Defendant was the boyfriend of her Aunt Maggie. Maggie and the defendant lived at the grandmother's house.
 {¶ 4} On or about April 14, 2006, the victim went with the defendant to pick Maggie up from work. While in the car, defendant bit the victim on the buttocks after she jokingly told him to "bite me." After the victim told him that it hurt, defendant told her that he would come and rub her buttocks later.
 {¶ 5} In the early morning hours of April 16, 2006, while the victim was sleeping on an air mattress in the living room, the defendant came into the room, sat down beside her, and pulled down her pants. Defendant touched her breasts, buttocks, and vagina. Defendant showed the victim his penis. The victim told him to *Page 4 
leave her alone. Defendant left the room when he heard the grandfather come out of his room and tell them to get back to bed.
 {¶ 6} On April 17, 2006, the victim went with the defendant on some errands. While in the car, the defendant offered to teach the victim how to drive. Defendant drove to a park. The victim sat on the defendant's lap and began steering the car. While on his lap, the defendant unbuttoned her pants and put his hands on her vagina. The victim told the defendant to stop or she would take her hands off the steering wheel. After defendant refused to remove his hands, the victim took her hands off the steering wheel. Defendant grabbed the wheel and the victim got off his lap. The defendant then took his penis out of his pants and told the victim to touch it. When she refused, the defendant grabbed her hand and put it on his penis.
 {¶ 7} The following day, the victim told Maggie what happened. Maggie got upset and called her a liar. The victim started crying. The grandmother came into the room and the victim told her what happened. The following morning, the victim told both grandparents what happened again. The grandparents called the police.
 {¶ 8} In addition to the victim, the State called Michelle, the victim's mother. She testified that the victim went to the paternal grandparents for a long weekend on April 13, 2006. On April 18, 2006, the grandparents brought the victim home. The grandmother told Michelle what had happened and gave her the names of the police officers who had spoken to her. Shortly thereafter, Michelle took the victim to *Page 5 
children services to speak with a detective. She also began taking the victim to see a professional therapist.
 {¶ 9} The State called the victim's paternal step-grandfather, Dale. He testified that Maggie and the defendant lived at his home and that the victim was spending several days with them over Easter vacation. He testified that on April 16, 2006, he got up between 2:00 and 4:00 a.m. to let the dogs out and heard the defendant telling the victim to go back to bed. Dale told the defendant to go to bed. On April 18, 2006, at approximately 3:00 a.m., Dale heard Maggie, the victim, and the grandmother arguing. He got up and told them to go to bed. Later that morning, Dale asked the victim what the fight was about and she told him about the defendant's actions. Dale was upset and called the police immediately. After the police questioned the victim, he took her home.
 {¶ 10} The State called Officer James Holt ("Officer Holt") of the Cleveland Police Department. He testified that he responded to a call and interviewed the victim and the victim's grandparents. He referred the case to the Sex Crimes unit.
 {¶ 11} Next, the State called Maggie. She testified that she lived with her mother and Dale. Defendant was her boyfriend and had recently moved in with her in her parents' home. Maggie testified that she was very close to the victim. She testified that on the evening of April 17, 2006, she was upset because of a fight she had gotten into with the defendant. She arrived home after midnight. She talked to the victim and was crying. The victim told her what the defendant had done. Maggie *Page 6 
got upset and called the victim a liar. The victim ran into the bathroom and locked herself in. Maggie's mother woke up and asked what was going on. Maggie told her what the victim had said. Dale woke up and told everyone to go to bed. After everyone went to bed, Maggie called the defendant, told him what the victim had accused him of, and told him to come home so that they could all talk. The defendant did not come home. The next day, Maggie learned that the police had been called. The defendant was subsequently arrested.
 {¶ 12} The State called Anne Crowley ("Crowley"), a clinical therapist at Applewood Centers. She testified that the victim was assigned to her in late September 2006. She testified that she was involved in ongoing therapy with the victim due to the sexual abuse allegations.
 {¶ 13} Finally, the State called Detective Sherilyn Howard ("Det. Howard") of the Cleveland Police Department, Sex Crimes and Child Abuse Unit. She testified that she interviewed the victim, the victim's mother, and the grandparents. A short time thereafter, she presented the case to the grand jury.
 {¶ 14} The defendant presented one witness on his behalf: his mother. She testified that on the morning of April 17, 2006, she went with the defendant and the victim to City Hall to get a birth certificate.
 {¶ 15} On January 26, 2007, the jury found defendant guilty of four counts of gross sexual imposition and not guilty of one count of kidnapping. The jury could not *Page 7 
reach a decision on the other count of kidnapping. Upon motion by the defendant, the court dismissed the remaining kidnapping charge.
 {¶ 16} On March 28, 2007, defendant was classified as a sexual predator and sentenced to four years to life in prison on all four counts, to run consecutively, for a total sentence of 16 years to life.
 {¶ 17} Defendant timely appeals and raises the following three assignments of error for our review.
 {¶ 18} "I. The trial court erred in overruling appellant's motion for mistrial, made in response to the State's expert witness telling [the] jury, in response to a question from the Prosecutor, that the duration of treatment for the alleged child victim would depend in part on how the jury would decide, and whether the child would be believed."
 {¶ 19} In his first assignment of error, defendant argues that he was denied his right to a fair trial when the victim's clinical therapist, Anne Crowley, offered testimony suggesting that the victim's mental health depended on the jury's verdict. Specifically, Crowley testified as follows:
 {¶ 20} "STATE: Is [the victim] still a client?
 {¶ 21} "CROWLEY: Yes, ma'am.
 {¶ 22} "STATE: And will she still be one for some time?
 {¶ 23} "CROWLEY: Yes. I can't tell you how long. Part of it will be how-what these folks decide — *Page 8 
 {¶ 24} "STATE: Well —
 {¶ 25} "CROWLEY: -whether she's believed.
 {¶ 26} "DEFENDANT'S ATTORNEY: Objection.
 {¶ 27} "THE COURT: Objection sustained. The jury will disregard."
 {¶ 28} Following the court's admonishment, defendant moved for a mistrial, asserting that Crowley's testimony resulted in extreme prejudice to him because it appealed to the sympathies of the jury. At a side bar, the trial court denied the motion and indicated that it would issue a curative jury instruction. Defense counsel later declined a limiting instruction, commenting that the instruction would be more prejudicial and "reinforce" the jury's memory. The jury instructions did, however, state that matters to which the court sustained objections were not evidence and should not be considered in determining the issue of the defendant's guilt and that there should be no sympathy for the victim or bias against the defendant.
 {¶ 29} The grant or denial of a mistrial rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,182. Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. State v.Franklin (1991), 62 Ohio St.3d 118. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Sage, at 182.
 {¶ 30} Here, we do not find that the defendant suffered "material prejudice." Crowley's comment was fleeting and entirely unsolicited by the State. The court *Page 9 
took immediate action after the comment was made and told the jury to disregard the statement. Moreover, the trial court advised the jury not to be influenced by sympathy, bias, or prejudice. There was substantial testimony supporting the conviction. Accordingly, we do not find that defendant's right to a fair trial was substantially prejudiced by Crowley's single inappropriate comment.
 {¶ 31} Defendant's first assignment of error is overruled.
 {¶ 32} "II. The trial court erred in overruling appellant's motions made under Criminal Rule 29 for dismissal of the charges against him."
 {¶ 33} In his second assignment of error, defendant argues that there was insufficient evidence to support his convictions for gross sexual imposition.
 {¶ 34} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 35} Defendant argues that his convictions were not supported by sufficient evidence because he generally claims the State failed to establish the essential elements of all the crimes. Defendant argues that inconsistencies in the victim's testimony and the lack of consistent details render the evidence insufficient to *Page 10 
survive his motion for acquittal. Under a sufficiency review, we do not weigh the evidence but instead ascertain whether there is evidence, if believed, that would support a conviction. Id.
 {¶ 36} Here, the victim's testimony presents sufficient evidence that if believed could support a conviction on each element of the charged offenses. Accordingly, the second assignment of error is overruled.
 {¶ 37} "III. The trial court erred in finding defendant-appellant to be a sexual predator, as if the court had either declared a mistrial or dismissed the charges, as set forth above, no such finding would be lawful."
 {¶ 38} In his third assignment of error, defendant argues that the State erred in classifying him as a sexual predator since the trial court should have declared a mistrial (Assignment of Error I) or granted his Crim.R. 29 motion for acquittal (Assignment of Error II). Defendant does not address the merits of the finding that he is a sexual predator. Rather, he concedes that he raises this argument solely to preserve the issue if we reverse his convictions. Based upon our disposition of the first two assignments of error, we therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction *Page 11 
having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1