{¶ 1} In State v. Dunbar, Cuyahoga County Court of Common Pleas Case No. CR-480618, applicant, Ricky Dunbar, Jr., was convicted of four counts of gross sexual imposition. This court affirmed that judgment inState v. Dunbar, Cuyahoga App. No. 89711, 2008-Ohio-1628. Dunbar's appeal to the Supreme Court of Ohio is pending.
 {¶ 2} Dunbar has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel *Page 3 
because his appellate counsel did not assign as error that trial counsel was ineffective for failing to: file a motion to dismiss four counts of the indictment as lacking mens rea; challenge the insufficiency of the indictments; and seek a continuance in order to obtain the grand jury transcript. We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on April 14, 2008. The application was filed on Tuesday, July 15, 2008, 92 days after journalization and in excess of the ninety-day limit.[1] "That is, the application was due *Page 4 
91 days after the journalization of this court's journal entry and opinion in applicant's direct appeal, but [applicant] did not file the application until 92 days after the journalization of this court's decision affirming his conviction. `Compare: State v. Agosto, Cuyahoga App. No. 87283, 2006 Ohio 5011, reopening disallowed, 2007 Ohio 848 (91 days); State v. Peyton, Cuyahoga App. No. 86797, 2006 Ohio 3951, reopening disallowed, 2007 Ohio 263 (93 days); State v. Lowe, Cuyahoga App. No. 82997, 2004 Ohio 4622, reopening disallowed, 2005 Ohio 5986 (91 days). Cf. State v. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, 1992 Ohio App. LEXIS 2083, reopening disallowed (Sept. 18, 2001), Motion No. 23121 (91 days after appointment of counsel).' State v.Burnett, Cuyahoga App. No. 87506, 2007-Ohio- 284, reopening disallowed,2007-Ohio-4434, at ¶ 4 (98 days)." State v. Lewis, Cuyahoga App. Nos. 88627, 88628 and 88629, 2007-Ohio-3640, reopening disallowed,2008-Ohio-679, at ¶ 4 (92 days).
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Dunbar has failed to demonstrate good cause for failing to file a timely application. *Page 5 
 {¶ 6} Dunbar asserts that the application is timely. That is, he has made no attempt to argue that there is good cause for the untimely filing of the application.
 {¶ 7} Dunbar's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Dunbar has not met the standard for reopening.
 {¶ 8} Accordingly, the application for reopening is denied.
MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR
[1]
TBTABLE Days Month
16 April 31 May 30 June 15 July 92 TOTAL TB/TABLE
Sunday, July 13, 2008, was the ninetieth day. Monday, July 14, 2007, was the last day on which a timely application could have been filed because the ninetieth day was a Sunday. App. R. 14(A). *Page 1