[Cite as *State v. Wilson*, 2018-Ohio-3666.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105876

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# BRYAN WILSON

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610468-A

**BEFORE:** Keough, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 13, 2018

[Cite as *State v. Wilson*, 2018-Ohio-3666.]

**ATTORNEY FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Marc Bullard
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Bryan Wilson, appeals his convictions following a guilty plea. Finding no merit to the appeal, we affirm.

{¶2} In October 2017, Wilson was named in a 39-count indictment with three other individuals — Jamal Commack, Allante Bush, and Rayshawn Foster. Wilson was charged with participating in a criminal gang (Count 1), drug trafficking (Counts 3 and 16), having a weapon while under disability (Count 15), drug possession (Counts 17 and 18), and possessing criminal tools (Count 19). Counts 3, 16, 17, and 18 contained one-year firearm specifications, and Counts 15 through 19 sought forfeiture of a gun, money, a cell phone, a scale, and other property.

{¶3} The state amended Count 18 to delete the firearm specification, and Wilson pleaded guilty to Counts 1, 15, 16, 18 (as amended), and 19. An agreed recommended sentence of eight years was presented to the trial court.

{¶4} At sentencing, the trial court did not impose the parties' agreed recommended sentence, but imposed a seven-year sentence on Count 1; 18 months on Count 15; six months on Count 16, with the one-year firearm specification to be served prior and consecutive to the six-month sentence; twelve months on Count 18; and twelve months on Count 19. Counts 1 and 16 were ordered to be served consecutively, and Counts 15, 18, and 19 were ordered to run concurrently, for a total sentence of eight and one-half years. Wilson now appeals, raising four assignments of error, which will be addressed out of order.

## I.  Joinder/Severance

{¶5} In his second assignment of error, Wilson contends that the trial court erred in failing to grant his motion for relief from joinder.  We initially note that the trial court did not rule on Wilson's motion for relief from joinder prior to his guilty plea. Accordingly, we presume that the motion was overruled.  *See State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 4 (motions not ruled on when a trial court enters final judgment are considered denied); *State v. Ryerson*, 12th Dist. Butler No. CA2003-06-153, 2004-Ohio-3353, ¶ 55 (there is a "general rule that pretrial motions not ruled upon will ordinarily be presumed to have been overruled").

{¶6}  When a defendant enters a guilty plea, he generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.  *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98212, 2013-Ohio-2897, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5; *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.  This waiver includes the right to challenge the denial of a Crim.R. 14 motion to sever or motion for relief from joinder.  *See, e.g., State v. Wolfe*, 6th Dist. Wood No. WD-14-022, 2015-Ohio-564, ¶ 15.

{¶7} Wilson contends on appeal that the trial court's failure to grant his motion affected the knowing and voluntary nature of his plea.  However, Wilson fails to explain how the trial court's denial affected his plea.  At the time Wilson entered his guilty plea, the trial court had not ruled on the motion.  Therefore, it cannot be said that the

subsequent "denial" influenced his plea. This is not a situation where the record demonstrates that the defendant entered a plea only after a trial court denied the motion to sever. Moreover, if severance was crucial to Wilson's defense, he could have pleaded no contest to properly preserve the error on appeal. *See* Crim.R. 12(I).

{¶8} Accordingly, there is no indication in the record, and Wilson has failed to demonstrate, that joinder of the cases had any affect on Wilson's decision to enter into a plea, or that the trial court's subsequent "denial" to sever the cases rendered Wilson's plea involuntary. Wilson's second assignment of error is overruled.

## II. Disqualification of Counsel and Plea

{¶9} Wilson contends in his third assignment of error that the trial court erred by failing to remove his appointed counsel and in accepting his plea, which was not made knowingly, voluntarily, or intelligently. Again, unless Wilson demonstrates how the trial court's alleged error precluded him from entering a knowing and voluntary plea, the issue is deemed waived.

{¶10} On appeal, Wilson maintains that the trial court should have granted his motion because the mere allegation of attorney misconduct demonstrates there was a "breakdown in the attorney client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel." This argument does not challenge the nature of his plea, but merely the trial court's discretion in denying his motion.

{¶11} A review of the record demonstrates that Wilson moved for his appointed counsel to be removed because he was dissatisfied with counsel's performance, and

counsel allegedly was attempting to extort money from him. The trial court conducted a hearing on the motion and thoroughly addressed Wilson's concerns. The trial court determined that the allegations of extortion were completely unfounded and following the hearing, the trial court denied Wilson's request for removal.

{¶12} Wilson fails to explain on appeal how the trial court's decision denying his request for removal affected the knowing and voluntary nature of his plea. The record demonstrates that the trial court engaged in a thorough and complete Crim.R. 11 colloquy prior to accepting Wilson's guilty plea. And as will be discussed in our analysis of the fourth assignment of error, Wilson stated during the colloquy that he was satisfied with his attorney's representation. Finally, and despite identifying in his assignment of error that he was challenging his plea, Wilson has not raised any issue or argument on appeal demonstrating how his plea was not made knowingly, intelligently, or voluntarily.

{¶13} Accordingly, Wilson's third assignment of error is overruled.

### III. Effective Assistance of Counsel

{¶14} Wilson contends in his fourth assignment of error that he was deprived of effective assistance of counsel because (1) the motion for joinder was deficient, (2) counsel should have been removed, and (3) counsel agreed to recommend eight years, but Wilson wanted to advocate for a shorter sentence. Wilson contends that but for these deficiencies, he "would likely not have entered into his guilty plea."

{¶15} A claim of ineffective assistance of counsel is likewise waived by a guilty plea, except to the extent the ineffective assistance of counsel caused the defendant's plea

to be less than knowing and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶16} This court has already addressed Wilson's challenges regarding joinder and whether counsel should have been removed. With respect to Wilson's argument that he wanted to advocate for a shorter sentence, Wilson knew that the state and his counsel had agreed to recommend a sentence of eight years to the trial court. And nothing in the record demonstrates that he was prevented from presenting mitigating evidence on his behalf. In fact, when Wilson advised the court that he was promised an eight-year sentence, the trial court reminded him that the eight-year sentence was only an agreed recommendation, but was not binding on the court — "[t]he court could sentence you to anything below that or above that within the range allowed by law of your plea." (Tr. 55-56.) Accordingly, Wilson could have advocated for a lesser sentence than the agreed eight-year sentence.

{¶17} Finally, during the plea colloquy, Wilson stated that he was satisfied with his counsel's representation. He made no representations during the plea hearing or subsequently during sentencing that his plea was the result of inadequacies or deficiencies in his counsel's representations. Based on the foregoing, Wilson has failed to demonstrate how counsel's performance prejudiced him or rendered his plea involuntary.

{¶18} Accordingly, his fourth assignment of error is overruled.

## IV. Consecutive Sentences

{¶19} In his first assignment of error, Wilson contends that the trial court erred by sentencing him to multiple consecutive sentences. Wilson concedes that the trial court made the requisite R.C. 2929.14(C)(4) findings on the record prior to imposing consecutive sentences. (Brief p. 7, 12.) He contends, however, that the trial court failed to incorporate those findings into the sentencing journal entry, thus making his sentence contrary to law. According to Wilson, the trial court cannot correct the sentencing journal entry nunc pro tunc because "the findings required by [*State v.*] *Bonnell*[,140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659], are much more significant than a clerical error."

{¶20} However, the Ohio Supreme Court clearly stated in *Bonnell* that where a trial court makes the requisite findings prior to imposing consecutive sentences on the record at sentencing, its failure to incorporate those findings in the court's sentencing journal entry does not make the sentence contrary to law; rather, the remedy is to issue a nunc pro tunc to accurately reflect what transpired in open court at sentencing. *Bonnell* at ¶ 30. Accordingly, Wilson's argument lacks merit.

{¶21} Wilson alternatively argues that the imposition of consecutive sentences is contrary to law because the record does not support the trial court's findings. He makes no argument how or why the record does not support the sentences, but maintains that the recommended sentence of eight years would have been sufficient because his offenses "are not the most serious crimes of this nature." These mere assertions do not satisfy

Wilson's burden of demonstrating that the record does not support the trial court's findings. Based on our review of the record, the trial court's findings are supported by the record — Wilson committed these crimes approximately thirty days following his release from prison, while he was on postrelease control, and the offenses involved gang activity, drugs, and firearms.

{¶22} Accordingly, the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). However, the matter is remanded for the trial court to issue a new sentencing journal entry, nunc pro tunc, to incorporate the statutory findings made at sentencing. The assignment of error is otherwise overruled.

{¶23} Judgment affirmed; case remanded for the issuance of a nunc pro tunc sentencing journal entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for issuance of nunc pro tunc sentencing journal entry and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR