[Cite as *State v. Bates*, 2020-Ohio-267.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 107868 |
| v. | : | |
| ROBERT BATES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-501710-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Katherine Mullin, Kristen L. Sobieski, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Robert Bates ("appellant"), brings the instant appeal challenging the three- and five-year terms of postrelease control (or "PRC") imposed in connection with his convictions for rape and robbery in Cuyahoga C.P.

No. CR-07-501710-A. Appellant argues that the trial court's failure to properly impose postrelease control rendered the postrelease control sanction voidable, not void, and that the trial court erred by correcting the defective imposition of postrelease control in 2018. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} On October 4, 2007, the Cuyahoga County Grand Jury returned a seven-count indictment against appellant. In July 2008, following a bench trial, appellant was found guilty of one count of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(2), with a sexual motivation specification (Count 1), four counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(2) (Counts 3, 4, 5, and 6), and two counts of robbery, third-degree felonies in violation of R.C. 2911.02 (Counts 2 and 7).

{¶ 3} The trial court held a sentencing hearing on October 9, 2008. The trial court imposed an aggregate nine-year prison term: six years on the kidnapping and rape offenses, to run concurrently with one another, and three years on the robbery offenses, to run concurrently with one another but consecutively to the kidnapping and rape offenses. The trial court journalized its sentencing entry on October 14, 2008. The trial court's sentencing entry provides, in relevant part, "post release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."

{¶ 4} Appellant filed a direct appeal on October 29, 2008. *State v. Bates,* 8th Dist. Cuyahoga No. 92323, 2009-Ohio-5819.[1] On appeal, appellant argued that "the trial court erred in failing to suppress his confession because he is a juvenile, and that he was denied his Fifth Amendment right to an attorney, guardian, or parent present during his interrogation. [Appellant] also argue[d] that Ohio's rape shield law was illegally applied to deny him his Sixth Amendment right of confrontation." *Id.* at ¶ 1. This court affirmed appellant's convictions. The Ohio Supreme Court declined to accept appellant's discretionary appeal. *State v. Bates,* 124 Ohio St.3d 1509, 2010-Ohio-799, 922 N.E.2d 971.

{¶ 5} On September 27, 2018, the trial court issued a judgment entry that provided, in relevant part, "[appellant] to be returned from the Ohio State Penitentiary for a sexual predator classification hearing. Sexual predator / [House Bill]-180 hearing[.]" The trial court held a limited resentencing hearing on October 4, 2018. During this hearing, the prosecutor advised the trial court that he had reviewed the 2008 sentencing entry and discovered that the trial court erred in imposing postrelease control at the time of the original sentencing hearing:

> [Appellant] wasn't properly advised of [postrelease control] in the [2008] judgment entry. It just says post-release control is part of the sentence for five years.
>
> It doesn't mention that it's mandatory and it doesn't have the consequences. As we all know, the Supreme Court in [*State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700,] has stated in order for the [Ohio Department of Rehabilitation and Correction ("ODRC")]

---

[1] *See Bates* for a full recitation of the factual and procedural history in this case.

to properly place someone on post-release control, they need to be notified of post-release control.

They need to be given the amount of time that they will be on post-release control, whether it is mandatory or discretionary, and the consequences of violation of post-release control in order for the ODRC to properly place them on post-release control.

That has to be done before they are released. I figure since we are here now, and I just noticed it, prior to the end of this hearing, if PRC could be advised and corrected in his judgment entry.

(Tr. 9-10.) Defense counsel objected to the correction of postrelease control, arguing that it would be untimely to address the issue "just as [appellant is] about to get out of prison[.]" (Tr. 10.)

{¶ 6} The trial court classified appellant as a sexual predator and reviewed appellant's reporting requirements. (Tr. 13.) Thereafter, the trial court sought to correct the previously defective imposition of postrelease control from 2008. The trial court provided the following advisement to appellant:

As part of your sentence, since you were sent to prison, you are subject, upon your release from prison, to a period of post-release control to be supervised by the Adult Parole Authority.

For you, for felonies of the first degree and felonies that are sex offenses, it is mandatory and it is for a period of five years.

For felonies of the third degree, which was robbery, it would be mandatory and it is for a period of three years.

If you violate any post-release control rule or condition, you are subject to a more-restrictive rule or condition, a longer duration under supervision or you can be sent back to prison even though you have done all of the time to which you have been sentenced.

You could get up to nine months in prison for each rule violation. The total for all rule violations cannot be any more than one-half of the prison sentence that you received, unless the rule violation is for

committing a new felony, in which case you could receive a prison term of the greater of one year or the time remaining on post-release control in addition to any time that you receive for the new felony.

This prison term must be served consecutively to any prison term that you receive for the new felony.

(Tr. 14-16.)

{¶ 7} The trial court's sentencing entry, journalized on October 8, 2018, provides, in relevant part,

[Appellant] advised of 3 year mandatory PRC on Counts 2, 7

Post release control is part of this prison sentence for 3 years mandatory for the above felony(s) under R.C. 2967.28. [Appellant] advised that if/when post release control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of post release control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

[Appellant] advised of 5 year mandatory PRC on Counts 1, 3, 4, 5, 6

Post release control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28. [Appellant] advised that if/when post release control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of post release control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 8} On November 5, 2018, appellant filed the instant appeal from the trial court's October 8, 2018 sentencing entry. On March 13, 2019, this court remanded the matter to the trial court for entry of a final appealable order. This court's order explained, "[a] review of the trial court's judgment entry shows that the trial court failed to include the terms of sentence on each count. The matter is remanded for

the sole purpose of the trial court correcting the judgment entry." On remand, the trial court issued a journal entry on March 29, 2019.

{¶ 9} On May 6, 2019, this court remanded the matter back to the trial court again, concluding that although the trial court included postrelease control for each count, "the sentencing entry still does not contain the sentence as to each conviction." Accordingly, this court remanded the matter to the trial court for a new final judgment that complies with *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.3d 163. On May 12, 2019, the trial court issued a final judgment entry setting forth, in a single document, "the fact of the conviction[s], the sentence[s], the judge's signature, and the entry on the journal by the clerk," in compliance with *Baker*, *Lester*, and Crim.R. 32(C).

{¶ 10} In this appeal, appellant assigns one error for our review:

I. The trial court erred by imposing a term of post-release control in 2018 after the state failed to appeal the original omission of post-release control from the sentence imposed in 2008.

## II. Law and Analysis

{¶ 11} In his sole assignment of error, appellant argues that the trial court erred by correcting the previously defective imposition of postrelease control in 2018, when his sentence "was almost entirely served." Appellant's brief at 1.

{¶ 12} A trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing and any sentence imposed without a proper postrelease control notification is contrary to law. *Grimes*, 151 Ohio St.3d 19, 2017-

Ohio-2927, 85 N.E.3d 700; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. When a trial court fails to properly impose postrelease control at sentencing, the postrelease control sanction "'is void and must be set aside.'" *State v. Loper*, 8th Dist. Cuyahoga No. 104828, 2017-Ohio-542, ¶ 10, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.

{¶ 13} In the instant matter, appellant acknowledges (1) the Ohio Supreme Court's holding in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, and (2) this court is bound by the *Simpkins* holding. Nevertheless, appellant asserts that he brings the instant appeal "to preserve the issue for further appeal[.]"

{¶ 14} In *Simpkins*, the Ohio Supreme Court held that

> [i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, *the sentence is void*, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant *unless the defendant has completed his sentence.*

(Emphasis added.) *Id.* at syllabus. The Ohio Supreme Court subsequently explained that when a trial court errs in imposing postrelease control, only the improper portion of the sentence — the postrelease control sanction — is void, not the entire sentence. *Fischer* at ¶ 28*; State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph two of the syllabus.

{¶ 15} Because the postrelease control portion of the sentence is void, either the state or a defendant is entitled to have the imposition of postrelease control corrected at any time before the defendant has completed serving his or her

sentence. *State ex rel. Lang v. Turner*, 8th Dist. Cuyahoga No. 108214, 2019-Ohio-3520, ¶ 6. On the other hand, if the trial court failed to properly impose postrelease control, but the defendant completes his or her sentence, the defect cannot be corrected. *Id.*, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *Simpkins*; and *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶ 16} In the instant matter, appellant suggests that this court adopt the rationale of the dissenting opinion in *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, and find the original sentence imposed in 2008 to be *voidable*, not void. Appellant appears to argue that because the sentence was merely voidable, the state was required to file an appeal seeking to correct the voidable nature of the sentence within 30 days of final judgment. Furthermore, appellant suggests that after the 30-day time period for filing an appeal to correct the voidable sentence expired, the original sentence, including the defective imposition of postrelease control, is no longer subject to correction.

{¶ 17} As appellant acknowledges, the majority opinion in *Simpkins* is binding upon this court and controlling in this case. We find no reason to divert from the *Simpkins* holding.

{¶ 18} The transcript from the original sentencing hearing in October 2008 is not in the record before this court. Accordingly, we must presume regularity — that the trial court properly imposed postrelease control at the sentencing hearing in 2008. *See State v. Kuhn*, 8th Dist. Cuyahoga No. 105391, 2017-Ohio-4193, ¶ 7.

Nevertheless, the record reflects that the trial court's original sentencing entry, journalized on October 14, 2008, failed to contain the requisite information and advisements.

{¶ 19} In *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, the Ohio Supreme Court specified the information a trial court must include into its sentencing entry:

> to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id.* at ¶ 1. *Accord Turner*, 8th Dist. Cuyahoga No. 108214, 2019-Ohio-3520, at ¶ 7. "This basic information empowers the executive branch of government to exercise its discretion in administering postrelease control." *State v. Masterson*, 8th Dist. Cuyahoga No. 107622, 2019-Ohio-711, ¶ 7, citing *Grimes* at ¶ 13, and *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 22.

{¶ 20} In the instant matter, the original sentencing entry reflects that the trial court erred in imposing postrelease control. Specifically, the October 14, 2008 sentencing entry (1) failed to indicate whether postrelease control was mandatory or discretionary, (2) inaccurately stated the duration of the postrelease control period, and (3) did not incorporate a statement that postrelease control would be administered by the adult parole authority, pursuant to R.C. 2967.28, nor a

statement that any violation of postrelease control would subject appellant to additional consequences pursuant to R.C. 2967.28. Regarding the inaccurate duration of postrelease control, the original sentencing entry provided that appellant was subject to five years of postrelease control "for the above felony(s)," including the third-degree felony robbery offenses for which the mandatory term of postrelease control is three years.

{¶ 21} Accordingly, pursuant to *Grimes*, we find that the trial court's original sentencing entry was not sufficient to validly impose postrelease control. The postrelease control portion of appellant's sentence was void, and subject to correction.

{¶ 22} Finally, it is of no consequence that appellant had nearly completed his sentence when the trial court corrected the imposition of postrelease control. Because the trial court improperly imposed postrelease control in 2008, the postrelease control portion of appellant's sentence was void and subject to correction *at any time* before appellant finished serving his sentence.

{¶ 23} Although appellant had completed service of a majority of his prison sentence, it is undisputed that he had not completed service of the entire sentence. Accordingly, the trial court did not err in correcting the defective postrelease control sanction imposed in 2008 during the hearing in 2018.

{¶ 24} For all of the foregoing reasons, appellant's sole assignment of error is overruled.

## III. Conclusion

{¶ 25} After thoroughly reviewing the record, we affirm the trial court's judgment. The trial court erred in imposing postrelease control at the original sentencing hearing in 2008. The trial court's failure to properly impose postrelease control in 2008 rendered the postrelease control portion of appellant's sentence void, and subject to correction, as long as appellant had not completed service of his prison sentence.

{¶ 26} It is undisputed that at the time the trial court corrected the offending postrelease control portion of appellant's original sentence in 2018, appellant had not completed service of his *entire* prison sentence. Therefore, the trial court was permitted to correct the previously defective postrelease control sanction, and did not err in doing so during the October 4, 2018 hearing and corresponding sentencing entry journalized on October 8, 2018.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR