[Cite as *State v. Dunbar*, 2020-Ohio-4568.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 109120

    v.                                     :

RICKY DUNBAR, JR.,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 24, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-480618-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellee.*

Ricky Dunbar, Jr., *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Ricky Dunbar, Jr., brings the instant appeal challenging the trial court's judgment denying his motion "to correct illegal sentence[.]" After a thorough review of the record and law, and for the reasons set forth below, this court affirms.

## I. Factual and Procedural History

{¶ 2} In May 2006, appellant was charged with four counts of gross sexual imposition of a minor in violation of R.C. 2907.05(A)(4), with sexually violent predator specifications, and two counts of kidnapping in violation of R.C. 2905.01, with sexually violent predator and sexual motivation specifications. Appellant elected to try the sexually violent predator specifications to the bench.

{¶ 3} Following a jury trial, appellant was convicted in January 2007 of the four counts of gross sexual imposition. Regarding the two kidnapping charges, the jury found appellant not guilty on one kidnapping count (Count 1) and could not reach a decision on the other kidnapping count (Count 5). The trial court granted the defense's motion to dismiss Count 5.

{¶ 4} On March 28, 2007, the parties appeared before the trial court. The trial court held a hearing on the sexually violent predator specifications that had been bifurcated. The trial court found appellant guilty of the sexually violent predator specifications underlying the gross sexual imposition offenses on Counts 2, 3, 4, and 6. The trial court's journal entry memorializing appellant's convictions on the specifications was filed on March 29, 2007. The trial court also held a sexual offender classification hearing on March 28, 2007. The trial court classified appellant a sexual predator pursuant to R.C. 2950.09(A). The trial court's journal entry memorializing appellant's sexual predator classification was filed on March 29, 2007.

{¶ 5} Finally, the trial court proceeded to the imposition of sentence on March 28, 2007. The trial court sentenced appellant to an aggregate prison term of 16 years to life: four years to life on all four gross sexual imposition counts to be served consecutively with one another. The trial court's sentencing journal entry was journalized on April 3, 2007.

{¶ 6} Appellant filed an appeal challenging his convictions in April 2007.[1] *State v. Dunbar*, 8th Dist. Cuyahoga No. 89711, 2008-Ohio-1628. Appellant argued that the trial court erred in denying defense counsel's motion for a mistrial and motions for a Crim.R. 29 judgment of acquittal, and that the trial court erred in finding appellant to be a sexual predator. On appeal, this court affirmed the trial court's judgment in April 2008.

{¶ 7} Appellant filed an appeal challenging this court's judgment on direct appeal in the Ohio Supreme Court. On September 10, 2008, the Ohio Supreme Court declined to accept appellant's discretionary appeal. *State v. Dunbar*, 119 Ohio St.3d 1447, 2008-Ohio-4487, 893 N.E.2d 517.

{¶ 8} In August 2008, appellant filed an application to reopen his appeal. *State v. Dunbar*, 8th Dist. Cuyahoga No. 89711, 2008-Ohio-3977. In support of his application to reopen, appellant argued that he was denied his right to the effective assistance of appellate counsel because appellate counsel did not argue on direct appeal that trial counsel was ineffective for failing to file a motion to dismiss the four

---

[1] For a full recitation of the factual and procedural history, see this court's opinion in appellant's direct appeal.

gross sexual imposition counts or request a continuance to obtain the transcript from the grand jury proceedings. This court denied appellant's application to reopen in August 2008.

{¶ 9} On October 18, 2011, appellant filed a motion "to impose a sentence that is not contrary to law." Therein, appellant argued that the trial court's sentences of four years to life on the four gross sexual imposition convictions were contrary to law because the trial court did not make a finding of guilt on underlying sexually violent predator specifications. Appellant argued that by failing to make a finding of guilt on the specifications, either on the record in open court or in a judgment entry, the trial court did not comply with Crim.R. 32(C). In support of his argument, appellant cited the following statement made by the trial court: "I don't want to go on and on, however, based on what I've seen, what I've read from all of this — these records, it is obvious to me that [appellant] is a Sexually Violent Predator, and that based on his record, he would most certainly — he's done it in the past, and he will do it again in the future." (Tr. 669.)

{¶ 10} The state filed a brief in opposition on October 19, 2011. Therein, the state argued that on March 28, 2007, the trial court found appellant guilty on the sexually violent predator specifications and classified appellant as a sexual predator. The state submitted the trial court's March 29, 2007 judgment entry in which the court found appellant guilty on the sexually violent predator specifications. The state also argued that appellant's claim that his sentence is contrary to law was

barred by res judicata because appellant could have, but failed to raise his claim on direct appeal.

{¶ 11} On October 26, 2011, appellant filed a "memorandum contra to state's brief in opposition to defendant's motion to impose a sentence that is not contrary to law[.]" Therein, appellant appeared to argue that although the trial court found him guilty on the specifications in its March 29, 2007 judgment entry, the trial court did not find him guilty on the record in open court.

{¶ 12} The trial court denied appellant's motion on November 1, 2011. Appellant did not file an appeal challenging the trial court's judgment.

{¶ 13} The instant appeal pertains to appellant's motion "to correct illegal sentence" filed on January 17, 2019. Appellant's motion was captioned "motion to correct illegal sentence, *State v. Harris*, 2012 Ohio Lexis 1000'S Crim. R. 36; *State v. Baker*, 2007 Ohio LEXIS 2050'S (One Document Rule), Crim.R. 32 (C); and *State v. Harrison*, 2006 Ohio App. LEXIS 4061'S (underlying kidnap requirement for imposing life maximum sentencing."

{¶ 14} In his motion to correct illegal sentence, appellant argued, as he did in his October 2011 motion, that the trial court did not make a finding of guilt on the record on the sexually violent predator specifications. Additionally, appellant argued that the trial court failed to comply with Crim.R. 32(C) and the one-document rule by issuing three separate journal entries (two on March 29, 2007, and one on April 3, 2007), and that he could not be found guilty on the sexually

violent predator specifications because he was not convicted on either kidnapping offense charged in the indictment.

{¶ 15} The state filed a brief in opposition on March 30, 2019. Therein, the state argued that the trial court did not err in finding appellant guilty on the sexually violent predator specifications because appellant was convicted of four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which constitute "violent sex offenses" under R.C. 2971.01(L)(1).

{¶ 16} On April 2, 2019, appellant filed a motion to strike the state's brief in opposition for failing to comply with Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division. Appellant asserted that pursuant to Loc.R. 11, the state's brief in opposition was due within seven days of the filing of appellant's motion, and the state did not file its brief in opposition until March 20, 2019, more than 50 days late. On May 28, 2019, appellant filed a motion "to proceed or advance to judgment on pending motion filed January 17, 2019."

{¶ 17} On September 4, 2019, appellant filed a motion "to 'strike from the record' the January 26, 2007 filed 'defendant's voluntary waiver of jury trial and order', pursuant to Criminal Rule 47[.]" Therein, appellant appeared to argue that the document in which he waived his right to a jury trial on the sexually violent predator specifications was tampered with or falsified.

{¶ 18} On September 30, 2019, the trial court denied appellant's motion to correct illegal sentence. The trial court concluded that (1) the two journal entries issued by the trial court on March 29, 2007, and April 3, 2007, did not violate the

one-document rule; (2) the trial court's April 3, 2007 entry complied with Crim.R. 32; (3) the two entries issued on March 29, 2007, pertaining to the sexual offender classification were civil in nature and did not implicate Crim.R. 32(C); and (4) the trial court did not err in imposing a prison sentence of 16 years to life because the court complied with the statutes in effect at the time appellant committed the offenses in 2006.

{¶ 19} On October 7, 2019, the trial court denied appellant's motion to strike his January 26, 2007 voluntary waiver of jury trial.

{¶ 20} Appellant filed the instant appeal on October 17, 2019, challenging the trial court's September 30, 2019 judgment denying his motion to correct illegal sentence. Appellant assigns three errors for review:

> I. The trial court erred in denying motion to correct illegal sentence because said sentence is void as a matter of law, and is contrary to law because not [sic] findings were made on the record that appellant is a prior convicted violent offender, nor does he have a conviction for assault homicide, or kidnapping as required under [R.C. 2941.48 and 2941.48] in effect when he was indicted in 2006 and sentenced in 2007.
>
> II. The trial court erred and/or abused its discretion when it denied appellant' motion to strike from the record [the state's] untimely filed brief in objection 55 days late in violation of The Cuyahoga Common Pleas Court Local Rule 11.0(C).
>
> III. The trial court committed prejudicial error, bias, and prejudice, when denying appellant's motion to strike from the record the purported defendant's voluntary waiver of jury trial and order when the document evidences that it is a tampered document/record that is modified without either party initialing the modification made thereon.

## II. Law and Analysis

### A. Motion to Correct Illegal Sentence

{¶ 21} In his first assignment of error, appellant argues that the trial court erred in denying his motion to correct illegal sentence. After reviewing the record, it is evident that appellant's argument is barred by res judicata.

{¶ 22} Res judicata bars the assertion of claims from a valid, final judgment of conviction that have been raised or could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. We recognize that the doctrine of res judicata does not preclude a defendant from challenging a void sentence because void sentences are subject to correction at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27, 30; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7, 9. This exception to the application of res judicata is very limited and has been applied sparingly. *Holdcroft* at ¶ 8, citing *Fischer* at ¶ 27.

{¶ 23} In the instant matter, the res judicata exception for void sentences is inapplicable. The trial court's sentence of four years to life on appellant's gross sexual imposition convictions is neither void nor contrary to law. The record reflects that the trial court complied with the applicable sentencing and classification provisions that were in effect in 2006 when appellant committed the offenses.[2]

---

[2] *See* R.C. 2907.05(C)(2), 2929.14(A)(3), 2971.03(A)(3), 2971.01(G)(1), and 2971.01(L)(1).

{¶ 24} To the extent that appellant is challenging the validity or the merits of his convictions on the sexually violent predator specifications, this argument could have been raised in appellant's direct appeal. Appellant failed to do so. Even if the trial court's sentence is void, appellant cannot use his motion to correct illegal sentence to relitigate other purported errors in the criminal proceedings, including the merits of his convictions. *See State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 32, citing *Fischer* at ¶ 25, 31, 40 (even if a portion of the sentence is void, res judicata would still preclude the defendant from challenging the merits of his conviction, the guilty verdict, and the portions of the sentence that are not void).

{¶ 25} To the extent that appellant is challenging the validity of the trial court's sentence, appellant could have raised this issue on direct appeal. He failed to do so. Furthermore, appellant did, in fact, challenge the validity of the trial court's sentences of four years to life on the gross sexual imposition convictions in his motion "to impose a sentence that is not contrary to law," filed in October 2011. Specifically, appellant argued that the trial court's sentences were contrary to law because the trial court did not make a finding of guilt on the underlying sexually violent predator specifications. This trial court rejected appellant's argument and denied his motion. Appellant did not file an appeal.

{¶ 26} Because appellant could have challenged his convictions and sentence on direct appeal, and did, in fact, challenge his sentence in his October 2011 motion,

appellant's most recent challenge to the validity of the trial court's sentence is now barred by res judicata.

{¶ 27} Assuming, arguendo, that appellant's sentencing challenge is not barred by res judicata, appellant's argument fails on the merits. Appellant's challenge to the "life tail" portion of his sentences for gross sexual imposition — both in his October 2011 motion "to impose a sentence that is not contrary to law" and his January 2019 motion to correct illegal sentence — is premised entirely on the presumption that the trial court failed to find him guilty on the sexually violent predator specifications underlying the gross sexual imposition counts. This presumption is entirely unsupported by the record.

{¶ 28} The trial court's March 29, 2007 judgment entry reflects that the trial court found appellant guilty on the sexually violent predator specifications underlying Counts 2, 3, 4, and 6. The trial court's April 3, 2007 judgment entry, in which the court sets forth the facts of appellant's convictions and sentence, provides that the jury found appellant guilty of gross sexual imposition on Counts 2, 3, 4, and 6 "*of the indictment.*" (Emphasis added.) These four counts of the indictment contained the underlying sexually violent predator specifications. The trial court's April 3, 2007 judgment entry was filed after the filing of the trial court's March 29, 2007 judgment entry in which the trial court found appellant guilty of the sexually violent predator specifications underlying Counts 2, 3, 4, and 6.

{¶ 29} Finally, to the extent that appellant is challenging the validity or the merits of his convictions on the sexually violent predator specifications, or arguing

that the trial court did not enter a finding of guilt on the sexually violent predator specifications on the record, appellant has failed to provide this court with a transcript of either the jury trial or the March 28, 2007 hearing during which the trial court heard evidence on the sexually violent predator specifications, found appellant guilty on the specifications, classified appellant as a sexual predator, and imposed appellant's sentence. It is appellant's duty to provide this court with a transcript and to demonstrate error by referencing matters in the record. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978).

{¶ 30} Without a transcript of the trial court proceedings, we must presume regularity. *See State v. Bates*, 8th Dist. Cuyahoga No. 107868, 2020-Ohio-267, ¶ 18. Accordingly, appellant has failed to meet his burden of demonstrating error.

{¶ 31} For all of the foregoing reasons, appellant's first assignment of error is overruled.

## B. Motion to Strike Brief in Opposition

{¶ 32} In his second assignment of error, appellant argues that the trial court erred or abused its discretion in denying his motion to strike the state's brief in opposition to his motion to correct illegal sentence.

{¶ 33} In his motion to strike, appellant argued that the state failed to file its brief within seven days of the filing of his motion to correct illegal sentence, as required by Loc.R. 11. Loc.R. 11(C), governing hearing and submission of motions,

provides that with the exception of a motion for summary judgment, the party opposing a motion shall serve and file a brief in opposition within seven days.

{¶ 34} As an initial matter, we note that the trial court did not explicitly rule on the motion to strike. Therefore, we presume that the motion was denied. *See State v. Wilson*, 8th Dist. Cuyahoga No. 105876, 2018-Ohio-3666, ¶ 5.

{¶ 35} Additionally, appellant appears to presume that the trial court relied upon the state's brief in opposition in denying his motion to correct illegal sentence. This presumption is unsupported by the record. The trial court did not explicitly reference the state's brief in opposition in its judgment entry denying appellant's motion to correct illegal sentence.

{¶ 36} Nevertheless, we are unable to conclude that the trial court erred or abused its discretion in failing to strike the state's brief in opposition.

> Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. Whether to grant or deny a motion to extend a court-ordered deadline or a motion to strike an untimely filed motion is a decision committed to the trial court's sound discretion. *Weller v. Weller*, 115 Ohio App.3d 173, 684 N.E.2d 1284 [(6th Dist.1996)].

*Cromartie v. Goolsby*, 8th Dist. Cuyahoga No. 93438, 2010-Ohio-2604, ¶ 18.

{¶ 37} As noted above, appellant's motion to correct illegal sentence was filed on January 17, 2019. The state's brief in opposition was filed on March 30, 2019, more than seven days after appellant's motion was filed.

{¶ 38} Although the state's brief in opposition was not filed within seven days of the filing of appellant's motion to correct illegal sentence, we find that any error

in the trial court's consideration of the state's brief in opposition or failure to strike the brief in opposition is harmless. *See State v. Ercoli,* 8th Dist. Cuyahoga No. 106982, 2019-Ohio-100, ¶ 22, citing *State v. West*, 8th Dist. Cuyahoga No. 98680, 2013-Ohio-826, and *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983) (finding the trial court's consideration of the state's untimely brief in opposition to the defendant's petition for postconviction relief was harmless because the defendant failed to provide evidence of sufficient operative facts demonstrating a cognizable claim of a constitutional error).

{¶ 39} As noted above, appellant's motion to correct illegal sentence was barred by res judicata and fails on the merits. Accordingly, any error in the trial court's consideration of or failure to strike the state's untimely brief in opposition would be harmless because appellant failed to demonstrate that the trial court's sentence was void, "illegal," or otherwise contrary to law.

{¶ 40} For all of the foregoing reasons, appellant's second assignment of error is overruled.

### C. Motion to Strike Jury Waiver

{¶ 41} In his third assignment of error, appellant argues that the trial court erred in denying his motion to strike the voluntary waiver of appellant's right to a jury trial on the sexually violent predator specifications.

{¶ 42} A jury trial commenced on January 17, 2007. On January 26, 2007, the trial court issued a journal entry that provided, "defendant's voluntary waiver of

jury trial and order, as to sexually violent predator specifications only, received for filing 01/26/2007."

{¶ 43} On September 4, 2019, appellant filed a motion "to 'strike from the record' the January 26, 2007 filed 'defendant's voluntary waiver of jury trial and order', pursuant to Criminal Rule 47[.]" Therein, appellant appeared to argue that the document in which he waived his right to a jury trial on the sexually violent predator specifications was tampered with or falsified. Appellant acknowledged that he signed the document titled "defendant's voluntary waiver of jury trial and order," but he appeared to allege that the handwritten notation on the form, which provided, in relevant part, that he was waiving his right to a jury trial "as to the sexually violent predator specifications only," was not on the form when he signed it and was added after-the-fact.

{¶ 44} In this appeal, appellant does not appear to dispute the fact that he elected to try the gross sexual imposition and kidnapping offenses to the jury, and elected to waive his right to a jury trial on the sexually violent predator specifications. Rather, he only appears to argue that the form was tampered with, the handwritten notation on the form was falsified, or that the handwritten notation was not properly authenticated. He makes no showing whatsoever how he was prejudiced.

{¶ 45} We need not address the merits of appellant's assignment of error because this argument is barred by res judicata. Appellant could have, and should

have challenged the validity of his jury waiver on direct appeal. Appellant failed to do so.

{¶ 46} For all of the foregoing reasons, appellant's third assignment of error is overruled.

### III. Conclusion

{¶ 47} After thoroughly reviewing the record, we affirm the trial court's judgment. The trial court did not err in denying appellant's motion to correct illegal sentence, motion to strike the state's brief in opposition to appellant's motion to correct illegal sentence, or motion to strike the journal entry memorializing appellant's waiver of his right to a jury trial on the sexually violent predator specifications charged in the indictment. Appellant's arguments either could have been raised on direct appeal, or were raised in appellant's October 2011 motion "to impose a sentence that is not contrary to law[.]" Accordingly, appellant's subsequent attempt to challenge the validity of his convictions and sentence is barred by res judicata.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR