[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grant v. Collins,* Slip Opinion No. 2018-Ohio-4281.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4281

THE STATE EX REL. GRANT, APPELLANT, *v*. COLLINS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Grant v. Collins,* Slip Opinion No. 2018-Ohio-4281.]

*Prohibition—Megan's Law provisions remain in effect for those who committed their offenses before enactment of the Adam Walsh Act—Judgment dismissing writ action affirmed.*

(No. 2017-0686—Submitted February 13, 2018—Decided October 24, 2018.)

APPEAL from the Court of Appeals for Lake County, No. 2016-L-106, 2017-Ohio-1338.

_____

KENNEDY, J.

{¶ 1} Scott A. Grant appeals from a judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of prohibition to prevent Judge Richard L. Collins Jr. from proceeding with a hearing to determine whether Grant should be designated a sexual predator pursuant to Megan's Law.  Grant's

complaint alleged that since the General Assembly enacted 2007 Am.Sub.S.B. No. 10, the Adam Walsh Act ("AWA"), Megan's Law has been repealed and cannot be applied to him. Our caselaw, however, holds that when a new law cannot be applied retroactively, the legislature's repeal of the former version of that law is a nullity. For this reason, our holding in 2011 that the retroactive application of the AWA is unconstitutional means that Megan's Law continues to apply to offenders convicted before 2008, including Grant. Consequently, Judge Collins does not patently and unambiguously lack jurisdiction to conduct a sexual-predator adjudication hearing relating to Grant's 1986 convictions for kidnapping and involuntary manslaughter, and Grant has an adequate remedy in the ordinary course of law to challenge Judge Collins's exercise of jurisdiction. We therefore affirm the judgment of the Eleventh District Court of Appeals dismissing Grant's prohibition action.

### Facts and Procedural Background

{¶ 2} In September 1985, a grand jury indicted Grant on one count each of aggravated murder, kidnapping, and rape for the killing of a 17-year-old female. *State v. Grant*, 11th Dist. Lake No. 11-252, 1987 WL 26720, *1. After the trial court dismissed the rape count at the close of the state's case-in-chief, the jury found Grant guilty of kidnapping and the lesser-included-offense of involuntary manslaughter, and the court imposed an aggregate sentence of 8 to 25 years in prison. *Id.* Grant remains in prison.

{¶ 3} On August 24, 2016, Judge Collins scheduled a sexual-offender-classification hearing to determine whether Grant should be classified as a sexual predator pursuant to Megan's Law.

{¶ 4} Grant petitioned the Eleventh District Court of Appeals for a writ of prohibition, alleging that Megan's Law had been repealed and that the scheduling order was therefore unauthorized by law. The court of appeals granted Judge Collins's motion to dismiss, explaining that he did not patently and unambiguously lack jurisdiction to proceed because the hearing provisions of Megan's Law

2

required the judge imposing sentence or the judge's successor to determine whether an offender is a sexual predator. 11th Dist. Lake No. 2016-L-106, 2017-Ohio-1338, ¶ 9. The court concluded that Grant had an adequate remedy by way of a direct appeal and therefore could not show entitlement to a writ of prohibition. *Id*. at ¶ 11-12.

{¶ 5} Grant appealed to this court as of right.

### Law and Analysis

{¶ 6} Megan's Law, enacted in 1996 in Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 ("H.B. 180") and subsequently amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558 ("S.B. 5"), established a comprehensive system of sex-offender classification and registration that expressly applies retroactively regardless of when the offender committed the underlying sex offense. Former R.C. 2950.04(A), 146 Ohio Laws, Part II, at 2609-2610; *see also* 150 Ohio Laws, Part IV, at 6657-6661. H.B. 180 took effect on January 1, 1997. 146 Ohio Laws, Part II, at 2668.

{¶ 7} We have upheld the General Assembly's decision to apply Megan's Law to those offenders who committed a sexually oriented offense before the law's effective date, concluding that Megan's Law is remedial and not punitive and therefore does not violate constitutional protections against retroactive laws. *E.g*., *State v. Cook*, 83 Ohio St.3d 404, 412, 700 N.E.2d 570 (1998); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 40.

{¶ 8} Relevant here, the former version of R.C. 2950.09(C) in effect under both the H.B. 180 and S.B. 5 versions of Megan's Law applied to any person convicted of and sentenced for an unexempt sexually oriented offense before January 1, 1997. 146 Ohio Laws, Part II, at 2620-2621 and 150 Ohio Laws, Part IV, at 6691-6712. Those statutes required the Ohio Department of Rehabilitation and Correction ("DRC") to notify the sentencing court of particular offenders who had committed specific sexually oriented offenses or posed an identifiable risk to

society, and upon notification from DRC, directed the court to conduct a sexual-predator adjudication hearing before the offender's release. *Id*.

{¶ 9} In 2007, the General Assembly passed the AWA, repealing former R.C. 2950.09's hearing provisions. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 41 (O'Donnell, J., dissenting). In place of Megan's Law, the AWA created a system under which offenders are classified as Tier I, Tier II, or Tier III sex offenders based solely on the offense. *Id*.; R.C. 2950.01(E), (F), and (G). In *Williams*, however, we concluded that the provisions of the AWA are punitive and therefore cannot be applied retroactively. *Williams* at ¶ 22.

{¶ 10} Grant's petition for a writ of prohibition asserted that because the AWA repealed Megan's Law, and because the AWA cannot be applied retroactively to him, Judge Collins lacks jurisdiction to determine whether he is a sexual predator. This analysis is flawed.

{¶ 11} In *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, we considered whether a sex offender who had been convicted of rape in 1983, classified as a sexually oriented offender under Megan's Law in 1997, and reclassified as a Tier III sex offender pursuant to the AWA in 2008 could be prosecuted for failing to give the sheriff notice of an address change after Megan's Law had been repealed by the AWA. We explained that in enacting the AWA and repealing Megan's Law, the General Assembly had not intended to relieve offenders classified under the earlier law of their registration and notification duties. *Id*. at ¶ 21. Rather, we noted:

> "When a court strikes down a statute as unconstitutional, and
> the offending statute replaced an existing law that had been repealed
> in the same bill that enacted the offending statute, the repeal is also
> invalid unless it clearly appears that the General Assembly meant

4

the repeal to have effect even if the offending statute had never been passed."

*Id.,* quoting *State v. Sullivan,* 90 Ohio St.3d 502, 739 N.E.2d 788 (2001), paragraph two of the syllabus. Noting that the AWA was "more onerous" than Megan's Law, this court declared it "self-evident" that the General Assembly would not have repealed Megan's Law if the AWA had not been enacted: "It is unimaginable that the General Assembly would have intended offenders originally classified under Megan's Law to be free from any reporting requirements if the AWA were to be struck down." *Brunning* at ¶ 22. Accordingly, we concluded that the registration and notification provisions of Megan's Law continued to apply to offenders subject to that law.

{¶ 12} And in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 29, we explained that not only does a sex offender classified pursuant to Megan's Law remain subject to its registration and notification provisions after January 1, 2008, but also the penalty provisions enacted as part of Megan's Law to punish violations of its provisions continue to apply as well. We recognized that

> Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense. Those who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA.

*Id*. at ¶ 17.

{¶ 13} Megan's Law's separate statutory scheme continues to apply to offenders who committed a sexually oriented offense prior to the effective date of

the AWA, and the repeal of the hearing provisions required to classify those offenders is ineffective as it affects offenders subject to Megan's Law. Accordingly, former R.C. 2950.09(C) applies to Grant, and Judge Collins has subject-matter jurisdiction to conduct a sexual-predator adjudication hearing to classify Grant before his release from prison.

{¶ 14} Grant maintains that Megan's Law cannot be applied to him, however, because he has never been classified as a sexually oriented offender. This assertion misunderstands the statute, because as we explained in *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 15, an offender is "automatically classified as a sexually oriented offender" upon conviction for a sexually oriented offense.

{¶ 15} Grant was convicted of kidnapping and involuntary manslaughter arising from the 1985 slaying of a 17-year-old. Although the trial court acquitted Grant of rape, kidnapping a minor was a sexually oriented offense under the H.B. 180 version of Megan's Law, 146 Ohio Laws, Part II, at 2601-2602, 2618-2619, and kidnapping was a sexually oriented offense pursuant to the S.B. 5 amendments to Megan's Law if committed with a sexual motivation, regardless of the age of the victim, 150 Ohio Laws, Part IV, at 6634-6635. Grant admits in his brief that he killed a minor while having sexual intercourse with her, and it is possible that his kidnapping conviction resulted in his automatic classification as a sexually oriented offender.

{¶ 16} Accordingly, there is at least a factual question regarding whether Grant committed a sexually oriented offense, and Judge Collins does not patently and unambiguously lack jurisdiction to conduct a sexual-predator adjudication hearing to decide that factual question in the first instance. Grant has an adequate remedy by way of appeal from any erroneous exercise of that jurisdiction. *See State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123, 928 N.E.2d 1093, ¶ 16 (a

sexual-offender classification may be appealed, and the appeal must be filed within 30 days after judgment is entered).

{¶ 17} Lastly, Grant's reliance on cases upholding the finality of criminal sentences is misplaced, because classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing. *Cook*, 83 Ohio St.3d at 417, 700 N.E.2d 570; *State v. Williams*, 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000); *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 32; *Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, at ¶ 36. Sex-offender classification and registration laws therefore do not affect the finality of Grant's convictions and sentence.

{¶ 18} Here, Grant's allegations are insufficient to establish either that Judge Collins patently and unambiguously lacks jurisdiction to proceed or that appeal from any erroneous exercise of that jurisdiction would not be an adequate remedy in the ordinary course of the law. Accordingly, we affirm the dismissal of this prohibition action.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Scott A. Grant, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Teri R. Daniel, Assistant Prosecuting Attorney, for appellee.

_____