[Cite as *State v. Jones*, 2021-Ohio-2149.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-07-080 |
| | : | O P I N I O N |
| - vs - | | 6/28/2021 |
| | : | |
| JOHN PAUL JONES, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-03-0476


Michael T. Gmoser, Butler County Prosecuting Attorney, Stephen M. Wagner, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, Jacob D. Long, 1501 First Avenue, Middletown, Ohio 45044, for appellant


**BYRNE, J.**

{¶1}   Appellant, John Paul Jones, appeals a decision of the Butler County Court of Common Pleas classifying him as a sexual predator pursuant to Megan's Law.  For the reasons detailed below, we affirm the decision of the trial court.

### I.  Background:  Megan's Law and the Adam Walsh Act

{¶2}   The significance of the facts and procedural history of this case can only be

understood in light of the history of two Ohio sex offender registration laws: Megan's Law[1] and its replacement, the Adam Walsh Act.[2] To assist the reader, we will first briefly summarize the history of those two laws and relevant Ohio Supreme Court precedents, then review the specific facts and procedural history of this case.

{¶3} The General Assembly enacted Megan's Law in 1996, and the law became effective in 1997. Megan's Law amended the Ohio's sex offender registration process and established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators. *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, ¶ 14. Megan's Law required a judge to conduct a hearing before making a determination that an offender who was convicted of or pleaded guilty to a sexually oriented offense was a sexual predator. *State ex rel. Grant v. Collins*, 155 Ohio St. 3d 242, 2018-Ohio-4281, ¶ 6.

{¶4} In the years that followed, the Ohio Supreme Court consistently held that Megan's Law was a civil, remedial consequence of a sex offense conviction and not a punitive component of a criminal sentence, and therefore, Megan's Law could be applied retroactively to individuals whose offenses occurred before the enactment of Megan's Law without violating the United States or Ohio constitutions. *Id.* at ¶ 7, 17, citing *State v. Williams*, 88 Ohio St.3d 513, 528 (2000); *State v. Cook*, 83 Ohio St.3d 404, 412, 417 (1998); *State v. Wilson*, 113 Ohio St. 3d 382, 2007-Ohio-2202, ¶ 32; *State v. Ferguson*, 120 Ohio St. 3d 7, 2008-Ohio-4824, ¶ 36, 40.

{¶5} In 2007, the General Assembly enacted the Adam Walsh Act. This law became effective on January 1, 2008. *Id.* at ¶ 9. The Adam Walsh Act repealed Megan's

---

1. Am. Sub. H.B. No. 180, 146 Ohio Laws, Part II, 2560, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556.

2. 2007 Am.Sub.S.B. No. 10.

Law, and "replaced it with new standards for sex-offender classification and registration pursuant to the federal Adam Walsh Child Protection and Safety Act, Section 16901 et seq., Title 42, U.S.Code." *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, ¶ 5. The Adam Walsh Act divides sex offenders into Tier I, Tier II, and Tier III sex or child-victim offenders. R.C. 2950.01(E) through (G).

{¶6} In 2011, the Ohio Supreme Court held that the retroactive application of the Adam Walsh Act to offenders who committed sex offenses prior to the enactment of the act was unconstitutional. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 22.[3] Rather, such offenders must be classified under the law that was in effect at the time they committed their crimes. *Id.* at ¶ 21-22. The supreme court reached this result because it determined that, due to certain differences in the requirements and structure of the Adam Walsh Act, the act was—unlike Megan's Law—punitive in nature. *Id.* at ¶ 22.

{¶7} A question arose: when the Adam Walsh Act was incorrectly applied to offenders who committed sex offenses before the enactment of the Adam Walsh Act, could the problem be corrected by retroactively applying Megan's Law? The Ohio Supreme Court answered this question in the affirmative in *Collins*. *Collins* at ¶ 13. The supreme court held that "our holding in 2011 [in *Williams*, 2011-Ohio-3374 at ¶ 22] that the retroactive application of the Adam Walsh Act is unconstitutional means that Megan's Law continues to apply to offenders convicted before 2008[.]" *Id.* at ¶ 1. The supreme court explained that it reached this conclusion because when a new law, like the Adam Walsh Act, cannot be applied retroactively, the legislature's repeal of the former version of that law is a nullity. *Id.* "Megan's Law's separate statutory scheme continues to apply to offenders who committed a sexually oriented offense prior to the effective date of the [Adam Walsh Act], and the

3. Note that this *State v. Williams*, 129 Ohio St.3d at 344, involved a different defendant than the other *State v. Williams*, 88 Ohio St.3d at 513, cited above.

repeal of the hearing provisions required to classify those offenders is ineffective as it affects offenders subject to Megan's Law." *Id.* at ¶ 13. On this basis the supreme court held that a trial court judge had jurisdiction to proceed with a sexual predator hearing even though more than 25 years had passed since the defendant's 1985 conviction. *Id.*

{¶8} Notably, and relevant to this case, in *Collins* the Ohio Supreme Court also explained that the defendant's reliance on cases upholding the finality of criminal sentences was "misplaced, because classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing." *Id.* at ¶ 17, citing *Cook*, 83 Ohio St. 3d at 417; *Williams*, 88 Ohio St. 3d at 528; *Wilson*, 2007-Ohio-2202 at ¶ 32; *Ferguson*, 2008-Ohio-4824 at ¶ 36.

{¶9} Similarly, in *State v. Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363, we applied this line of cases and noted that the Ohio Supreme Court had determined that Megan's Law was "civil and remedial" and that its classification requirements were "not a punishment within the defendant's sentence." *Id.* at ¶ 13. We held that when the defendant in that case was incorrectly classified under the Adam Walsh Act the trial court retained jurisdiction to hold a Megan's Law classification hearing even though the state failed to move for the hearing until a year after the defendant's release from his five-year prison sentence. *Id.* at ¶ 21.

## II. Facts and Procedural History

{¶10} This brings us to the case before us. In 2007, John Paul Jones was indicted on two counts of rape, eight counts of pandering sexually oriented matter involving a minor, and 20 counts of illegal use of a minor in a nudity-oriented material or performance. The indictment alleged Jones committed the offenses between 2001 and 2007—that is, while Megan's Law was in effect, and prior to the enactment of the Adam Walsh Act.

{¶11} In January 2008, after the Adam Walsh Act was enacted, Jones pleaded guilty

to the charges of the indictment. On January 30, 2008, the trial court sentenced Jones to serve 13 and one-half years in prison. The trial court also designated Jones a Tier III sex offender pursuant to the Adam Walsh Act.

{¶12} On June 19, 2019, more than ten years after Jones was originally sentenced, the state moved the trial court for a hearing to classify Jones as a sexual predator under Megan's Law. The state explained that it sought this hearing because it had determined that, based upon the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 244, 2011-Ohio-3374, the application of the Adam Walsh Act to Jones for crimes committed prior to 2008 was unconstitutional. Because the Adam Walsh Act should not have been applied to Jones, the state sought sexual predator classification of Jones pursuant to Megan's Law, the law in effect at the time of his offenses, which required the trial court to hold a hearing.

{¶13} The trial court held a Megan's Law sexual predator hearing on January 29 and 31, 2020. On July 13, 2020, the trial court issued a judgment entry finding by clear and convincing evidence that Jones was a sexual predator pursuant to Megan's Law and classifying Jones as a sexual predator for purposes of sexual offender registration and notification purposes. The same day, the trial court issued a second judgment entry providing Jones notice of his duty to register as a sex offender in the category of a sexual predator. The trial court also filed an "Amended Judgment of Conviction Entry," wherein the trial court amended its January 2008 sentencing entry to reflect that the sexual predator hearing was held in 2020 and that Jones was classified as a sexual predator for purposes of sexual offender registration and notification in accordance with R.C. Chapter 2950.

{¶14} The following day, July 14, 2020, the trial court issued a written decision regarding its sexual predator classification of Jones, which summarized the evidence presented at the sexual predator hearing and included a discussion of the relevant factors.

The trial court again noted its finding that Jones was a sexual predator as defined by Megan's Law.

### III. The Appeal

{¶15} Jones now appeals, raising the following assignment of error for our review:

{¶16} THE TRIAL COURT LACKED AUTHORITY TO SUSTAIN THE STATE'S POSTCONVICTION MOTION TO MODIFY AN UNLAWFUL SANCTION FROM A FINAL JUDGMENT.

{¶17} Jones does not dispute that he should have been classified under Megan's Law in 2008, nor does he argue that his classification as a sexual predator is unsupported by clear and convincing evidence. *See State v. Bell*, 12th Dist. Clermont No. CA2015-10-077, 2016-Ohio-7363, ¶ 27 ("The state must prove that an offender is a sexual predator by clear and convincing evidence").

{¶18} Instead, Jones argues that under the Ohio Supreme Court's recent decision in *State v. Henderson*, 161 Ohio St. 3d 285, 2020-Ohio-4784, which revised the Ohio Supreme Court's jurisprudence on "void" versus "voidable" criminal sentences, the unconstitutional application of the Adam Walsh Act to his pre-Adam Walsh Act offenses rendered his sentence voidable, but not void. As a result, he argues, his 2008 sentence became a final judgment when no party appealed, and therefore the trial court erred when it modified the 2008 final judgment by removing the Adam Walsh Act classification and designating Jones a sexual predator under Megan's Law. Jones argues that the state was required to challenge the unlawful sentence on direct appeal, not a postconviction motion to modify his sentence. We disagree.

{¶19} Jones' argument relies on *Henderson*. In *Henderson*, a trial court sentenced the defendant to a definite sentence of 15 years in prison, plus an additional three years in prison for a firearm specification. *Henderson* at ¶ 2. Shortly before the defendant was to

be released from prison, the state filed a postconviction motion for resentencing, wherein it argued the defendant's original sentence was void because the trial court imposed an unlawful definite sentence as opposed to the proper indefinite sentence of 15 years to life. *Id.* at ¶ 8. On appeal the Ohio Supreme Court considered whether to allow the state to correct a sentencing error through a motion for resentencing. *Id.* at ¶ 1.

{¶20} Before addressing that specific issue, the supreme court revisited and revised its jurisprudence on the distinction between "void" and "voidable" sentences. The supreme court held that "sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term." *Id.* at ¶ 27. Stated another way, "[i]f the court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *Id.* at ¶ 37. On the other hand, "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 27. The supreme court determined that neither the state nor the defendant could challenge the voidable sentence through a postconviction motion. *Id.* at ¶ 43. Because the trial court had jurisdiction over the case and the defendant, the court determined the defendant's unlawful sentence was merely voidable and noted that the state failed to object or challenge the trial court's sentence on appeal. *Id.* at ¶ 40. As a result, the supreme court held the state could not seek to correct the defendant's unlawful sentence through a postconviction motion after the sentence was entered. *Id.*

{¶21} After a review of the record, we find no error in the trial court's classification of Jones in accordance with Megan's Law in 2020.

{¶22} Unlike the proceeding to correct the defendant's voidable criminal sentence in *Henderson,* a sex-offender-classification proceeding under Megan's Law is civil in nature

- 7 -

and is "legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence." *State ex rel. Hunter v. Binette*, 154 Ohio St. 3d 508, 2018-Ohio-2681, ¶ 16, quoting *State v. Gibson*, 2d Dist. Champaign No. 2009 CA 47, 2010-Ohio-3447, ¶ 25, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. As we have previously noted, "addressing classification and registration requirements according to Megan's Law is different [than correcting a sentence already served] because such requirements are 'collateral consequence[s] of the offender's criminal acts rather than a form of punishment per se.'" *Bell* at ¶ 12, quoting *State v. Ferguson*, 2008-Ohio-4824 at ¶ 34. This is because the classification requirements inherent in Megan's Law are civil and remedial, and are not a punishment within the defendant's sentence. *Id.*, citing *Williams*, 2011-Ohio-3374 at ¶ 10-11.

{¶23} Consequently, unlike the prosecution's attempt to modify the defendant's punishment and sentence in *Henderson*, the state's motion to classify Jones as a sexual predator pursuant to Megan's Law simply requested the trial court to enforce the collateral consequences of Jones' criminal acts, as those consequences were defined between 2001 and 2007. As a result, and unlike the defendant's challenge in *Henderson*, Jones' "challenge to the trial court's jurisdiction to reclassify him must be determined pursuant to Megan's Law, rather than rules that pertain to sentencing or punishment." *Bell* at ¶ 13.

{¶24} Moreover, in *Collins*, the Ohio Supreme Court clarified that classification under Megan's Law is unrelated to an offender's sentence. In that case, the defendant argued on appeal that the trial court lacked jurisdiction to hold a sexual predator hearing more than 25 years after his original conviction. The Ohio Supreme Court explained:

> [The appellant's] reliance on cases upholding the finality of criminal sentences is misplaced, because classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing. Sex-offender classification and registration laws

therefore do not affect the finality of [the appellant's] convictions and sentence.

*Collins*, 2018-Ohio-4281 at ¶ 17.

{¶25} In light of the Ohio Supreme Court's holding in *Collins*, and unlike the trial court's reopening and modification of the defendant's sentence in *Henderson*, the trial court's subsequent classification of Jones pursuant to Megan's Law was not a punitive component to Jones' sentence, and did not affect the finality of his convictions and sentence.

{¶26} Jones also argues *Collins* is inapplicable to the case at hand, as the offender in *Collins* was never improperly classified pursuant to the Adam Walsh Act, and his case was not reopened to alter his sex-registration duties. However, because the Adam Walsh Act did not apply to Jones, Megan's Law applied by default. With regard to Megan's Law, if an offender is convicted of a sexually oriented offense as defined in former R.C. 2950.01(D), the offender is subject to classification pursuant to Megan's Law as a matter of law. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 18. Thus, once Jones was convicted of rape, pandering sexually oriented matter involving a minor, and illegal use of a minor in a nudity-oriented material or performance, each of which is a sexually oriented offense under former R.C. 2950.01(D), Jones was automatically subject to classification pursuant to Megan's Law. *Id.*

{¶27} Additionally, and as noted above, the trial court was required to hold a hearing before classifying Jones as a sexual predator under Megan's Law. Where the trial court fails to initially classify an offender according to Megan's Law and its civil and remedial classification requirements, the trial court retains jurisdiction to hold a sexual predator hearing at a later time. *Bell*, 2016-Ohio-7363 at ¶ 13. A trial court may conduct a sexual predator classification hearing under Megan's Law even after the effective date of the Adam

Walsh Act if the offense occurred before the Adam Walsh Act went into effect. *Williams*, 2011-Ohio-3374 at ¶ 22-23.

{¶28} We have upheld the postconviction classification of offenders pursuant to Megan's Law where the offender committed sex offenses before 2008 and were improperly classified under the Adam Walsh Act. *See Bell* at ¶ 11 (once the appellant's classification became invalid due to the original application of the Adam Walsh Act, the appellant was entitled to be reclassified pursuant to Megan's Law, the law in effect at the time of his offenses); *State v. Black*, 12th Dist. Butler No. CA2018-04-072, 2019-Ohio-444, fn. 1 and ¶ 13. *See also State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, fn. 2 ("Because appellant committed his sex offenses between 1998 and 2002, he was required to be classified under Megan's Law, and not the Adam Walsh Act").

{¶29} Here, upon sentencing Jones in January 2008, the trial court designated Jones a Tier III sex offender. Thus, the trial court improperly followed the classification requirements set forth in the Adam Walsh Act as opposed to applying Megan's Law, which was in effect when Jones committed the offenses between 2001 and 2007. After the Ohio Supreme Court's decision in *Williams*, Jones' classification pursuant to the Adam Walsh Act became invalid, and Jones was entitled to be reclassified pursuant to Megan's Law. *Bell* at ¶ 11. At the time Jones committed the alleged offenses, Megan's Law required a trial court to hold a hearing in order to determine whether an offender convicted of a sexually oriented offense is a sexual predator. As such, due to his convictions of sexually oriented offenses under former R.C. 2950.01(D), the trial court in 2020 properly held a hearing to determine whether Jones should be adjudicated a sexual predator. *State v. McDonald*, 12th Dist. Clermont No. CA2013-07-056, 2014-Ohio-989, ¶ 38 ("trial court properly vacated appellant's classification under the Adam Walsh Act and held a reclassification hearing to determine appellant's status as a sex offender under Megan's Law").

{¶30} Jones' argument that *Henderson* means the unlawful application of the Adam Walsh Act rendered his sentence voidable in 2008, and therefore final when it was not appealed, misses the point. *Henderson*'s void/voidable framework was applied to criminal sentences, and as already explained, the classification and registration components of Megan's Law are not part of a criminal sentence. *Henderson*'s void/voidable framework, while significant in criminal sentencing appeals, has no applicability here and does not change the result required by the well-established precedents we have described.

{¶31} In accordance with the above, we find the trial court retained jurisdiction to hold a sexual predator hearing and to classify Jones as a sexual predator under Megan's Law several years after his conviction and sentencing. Our analysis and conclusion are unaffected by *Henderson*'s holding regarding void or voidable criminal sentences.

## IV. Conclusion

{¶32} In light of the foregoing, we find no error in the trial court's decision to classify Jones as a sexual predator. Jones' assignment of error is therefore overruled.

{¶33} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.