[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Clancy*, Slip Opinion No. 2026-Ohio-2048.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2048

THE STATE EX REL. BATES, APPELLANT, *v.* CLANCY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bates v. Clancy*, Slip Opinion No. 2026-Ohio-2048.]

*Prohibition—Because appellant's sex offenses were committed prior to effective date of Ohio's Adam Walsh Act, he was subject to Ohio's Megan's Law and appellee trial-court judge did not patently and unambiguously lack jurisdiction to classify him under Megan's Law—Appellant cannot show that judge patently and unambiguously lacked jurisdiction to classify him after his sentencing as an aggravated sexually oriented offender, because a trial court retains jurisdiction to conduct sex-offender-classification proceedings after sentencing—Appellant had an adequate remedy in ordinary course of law by way of appeal to challenge his sex-offender classification—Court of appeals' judgment granting judge's motion to dismiss affirmed.*

(No. 2025-1274—Submitted March 24, 2026—Decided June 4, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 115147, 2025-Ohio-4381.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Robert Bates, appeals the judgment of the Eighth District Court of Appeals dismissing his complaint for a writ of prohibition against appellee, Judge Maureen Clancy of the Cuyahoga County Court of Common Pleas. In a prior appeal, Bates successfully challenged Judge Clancy's postsentencing imposition of postrelease control. *See State v. Bates*, 2022-Ohio-475, ¶ 32. Bates now seeks to vacate his sex-offender classification, which Judge Clancy imposed in the same journal entry that this court partly vacated in the previous appeal. But Bates did not challenge his sex-offender classification in that appeal, and he now seeks to do so through the extraordinary remedy of a writ of prohibition.

{¶ 2} Unlike postrelease control, a sex-offender classification under Megan's Law is civil and remedial, attaches as a matter of law, and is not part of the criminal sentence. Accordingly, because Bates has not shown that Judge Clancy patently and unambiguously lacked jurisdiction to classify him as an aggravated sexually oriented offender under Megan's Law after his 2008 convictions and sentence, we affirm.

{¶ 3} Bates filed as purported evidence in this appeal an "affidavit in support," which we sua sponte strike as impermissible under this court's Rules of Practice. He also filed a motion for judicial notice and a motion "to give effect to the legislative intent of R.C. 2950.03(A)(2), R.C. 2505.02 & Crim.R. 32(C)," both of which we deny as moot.

## I. BACKGROUND

### A. Bates's Convictions and Direct Appeal

{¶ 4} In October 2008, Bates was sentenced to a nine-year aggregate prison term after being convicted at a bench trial on one count of kidnapping with a sexual-motivation specification, four counts of rape, and two counts of robbery. He was arrested on May 14, 2007, and thus committed these crimes on or before that date. The 2008 sentencing entry did not expressly recite the required postrelease-control advisements or classify Bates as a sex offender. Bates appealed his convictions, but neither the State nor Bates raised the sentencing entry's omission of postrelease-control advisements and a sex-offender classification, *see State v. Bates*, 2009-Ohio-5819, ¶ 1 (8th Dist.). The Eighth District affirmed, this court declined discretionary review, 2010-Ohio-799, and the United States Supreme Court denied certiorari, *Bates v. Ohio*, 562 U.S. 1014 (2010).

### B. H.B. 180 Hearing and Bates's Appeal of the October 2018 Journal Entry

{¶ 5} In 2014, after pleading guilty to a charge of attempted felonious assault that he committed while in prison, Bates was sentenced to an additional prison six-month term, to be served consecutively to his prior sentence. In October 2018, while Bates was still in prison, the trial court held a sexual-predator hearing, also called an H.B. 180 hearing.[1] Judge Clancy presided over the H.B. 180 hearing as successor to Judge Timothy E. McMonagle, who presided over Bates's criminal trial in 2008 and later retired. During the hearing, the State advised Judge Clancy that the 2008 sentencing entry did not provide the required postrelease-control

---

1. The General Assembly enacted Ohio's version of the federal sex-offender statute commonly called Megan's Law, 42 U.S.C. 14071 et seq., through Am.Sub.H.B. No. 180, which took effect on January 1, 1997. *State v. Schilling*, 2023-Ohio-3027, ¶ 3. The General Assembly subsequently amended Ohio's Megan's Law in 2003. *See* Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558.

advisements. Following the hearing, the judge issued a journal entry that purported to provide those advisements.[2] The October 2018 journal entry also classified Bates as an aggravated sexually oriented offender and recited that he had been advised of the related registration and reporting requirements.

{¶ 6} Bates appealed, challenging the portion of the October 2018 journal entry that imposed postrelease control. *State v. Bates*, 2020-Ohio-267, ¶ 1 (8th Dist.). However, he did not challenge the sex-offender classification. *See id.* For reasons not relevant to this appeal, the Eighth District twice remanded the matter to the trial court for it to issue a new final judgment. *Id.* at ¶ 8-9. Both of the trial court's subsequent entries, including a final entry issued in May 2019, contained postrelease-control language identical to that in the October 2018 journal entry. *Bates*, 2022-Ohio-475, at ¶ 5, fn. 1. Following the second remand, the Eighth District affirmed. *Id.* at ¶ 25-26. Relying on this court's pre-2020 void-sentence jurisprudence, the Eighth District held that the postrelease-control portion of Bates's sentence was void and, thus, subject to correction at any time before he completed his sentence. *Id.* at ¶ 12-15, 20-21.

{¶ 7} This court accepted Bates's discretionary appeal. *State v. Bates*, 2020-Ohio-1090. While the appeal was pending, we decided *State v. Harper*, 2020-Ohio-2913. In *Harper*, we overruled our prior void-sentence jurisprudence, *id.* at ¶ 40, "realigned our jurisprudence with the traditional understanding of void and voidable sentences," *id.* at ¶ 42, and held that errors in the imposition of postrelease control render a sentence voidable, not void, *id. See also State v. Hudson*, 2020-Ohio-3849, ¶ 17-19 (holding that because sentencing errors in imposing postrelease control render a sentence voidable, not void, the appellant's collateral attack on his sentence through a "motion to vacate" was barred by res judicata). In Bates's appeal, we relied on *Harper* and *Hudson* to hold that "[a]n attack on a trial court's

---

2. The October 2018 journal entry is not part of the record.

imposition of postrelease control in a sentence must be brought on direct appeal or it will be barred by res judicata." *Bates*, 2022-Ohio-475, at ¶ 32. We determined that res judicata barred the State's challenge to the trial court's failure to properly impose postrelease control, reasoning that the State had failed to raise the error on direct appeal, when it first had the opportunity to do so. *Id.* at ¶ 24-25. We concluded, "Because res judicata precluded the [State's] collateral attack on Bates's sentence [during the H.B. 180 hearing in October 2018], the trial court's 2018 sentencing entry was improper and, therefore, of no effect." *Id.* at ¶ 32. Accordingly, we reversed the Eighth District's decision "to the extent it [held] otherwise" and "vacate[d] the portion of the 2018 sentencing entry imposing postrelease control on Bates." *Id.* But we left Bates's sex-offender classification undisturbed, as his sole proposition of law had focused on the imposition of postrelease control. *See id.* at ¶ 6-8.

{¶ 8} The corrected journal entry issued by Judge Clancy in May 2019 constituted the final judgment in Bates's appeal of the October 2018 entry. *See Bates*, 2020-Ohio-267, at ¶ 8-9 (8th Dist.); *Bates*, 2022-Ohio-475, at ¶ 5, fn. 1. Although in *Bates*, 2022-Ohio-475, we "vacate[d] the portion of the 2018 sentencing entry imposing postrelease control on Bates," *id.* at ¶ 32, he seeks in the present appeal to vacate the May 2019 journal entry. The parties in their briefs treat the 2018 entry as identical to the 2019 entry with respect to the sex-offender classification. As noted above, in 2022, we vacated only the portion of the 2018 entry imposing postrelease control, *see id.* at ¶ 25, 32, and the sex-offender classification that Bates challenges in this prohibition action remained undisturbed.

{¶ 9} As pertinent here, the May 2019 journal entry states:

> This matter was returned to the court's docket from the Court of Appeals of Ohio, Eighth District, Case No. CA-18-107868 to include defendant's prison term which was imposed at sentencing

on 10/09/2008, into the court's entry of 10/04/2018 where an HB-180 hearing was held. At the hearing, defendant was classified as an aggravated sexually oriented offender . . . .

. . .

Defendant is now classified as an aggravated sexually oriented offender. Defendant advised of his reporting requirements under [R.C. Ch.] 2950. Defendant is required to register every 90 days for life as an aggravated sexually oriented offender. Defendant acknowledges receipt of written reporting requirements. . . .

*State v. Bates*, Cuyahoga C.P. No. CR-07-501710-A, 1 (May 12, 2019). Bates did not timely appeal the sex-offender-classification portion of either the October 2018 journal entry or the May 2019 journal entry. He did file a motion for leave to file a delayed appeal to challenge his sex-offender classification, but the Eighth District denied that motion and we declined to exercise discretionary review, *see State v. Bates*, 2025-Ohio-481. Bates also challenged his sex-offender classification in a habeas corpus action, which we sua sponte dismissed. *See State ex rel. Bates v. Schwartz*, 2025-Ohio-1283.

{¶ 10} Bates is currently incarcerated at the Toledo Correctional Institution. We have taken judicial notice that he was released from prison on his sentence for the 2008 convictions and then was convicted and sentenced on new felony offenses in 2019. *Bates*, 2022-Ohio-475, at ¶ 28. He is currently serving an eight-year prison term, with a projected release date of December 13, 2026. Ohio Department of Rehabilitation and Correction, Offender Details: Robert Bates, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A764729 (accessed Apr. 24, 2026) [https://perma.cc/DLT9-MECQ].

### C. Complaint for Writ of Prohibition

{¶ 11} In May 2025, Bates filed a complaint for a writ of prohibition against Judge Clancy in the Eighth District. He alleged that Judge Clancy lacked jurisdiction in 2018 to "reope[n]" his criminal case, "modif[y]" his 2008 sentence, and classify him as a sex offender nearly ten years after the final judgment had been issued and after he had completed his nine-year prison term. He requested a writ of prohibition vacating the May 2019 journal entry and prohibiting Judge Clancy from exercising jurisdiction over his criminal case.

{¶ 12} Before Judge Clancy was served with the complaint, Bates filed a motion for summary judgment. Once served, Judge Clancy filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief in prohibition can be granted. The Eighth District granted the motion to dismiss and denied Bates's summary-judgment motion as moot. 2025-Ohio-4381, ¶ 39-40 (8th Dist.). The Eighth District held that the allegations of the complaint were insufficient to establish that Judge Clancy patently and unambiguously lacked jurisdiction to hold the H.B. 180 hearing and issue the related judgment entries in which Bates was classified as an aggravated sexually oriented offender. *Id*. at ¶ 38. It further noted that Bates could have challenged his classification as an aggravated sexually oriented offender in his appeal of the October 2018 judgment entry. *Id*.

{¶ 13} Bates has timely appealed the judgment dismissing his prohibition complaint. After filing the notice of appeal, Bates filed a motion for judicial notice, a motion "to give effect to the legislative intent of R.C. 2950.03(A)(2), R.C. 2505.02 & Crim.R. 32(C)," and an "affidavit in support" of his prohibition complaint.

### II. ANALYSIS

### A. Bates's Affidavit in Support

{¶ 14} While this appeal was pending, Bates filed in this court an affidavit "as evidence in support" of his complaint for a writ of prohibition. The document

sets forth various legal conclusions purporting to support Bates's entitlement to the writ. However, the filing of this affidavit is improper. The affidavit was not part of the record on appeal transmitted from the clerk of the Eighth District to this court. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16.

{¶ 15} Although S.Ct.Prac.R. 15.08 permits supplementation of the record on appeal "[i]f any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal," Bates does not contend that the affidavit, or any information within it, was part of the record before the Eighth District but omitted from the record on appeal. This court's Rules of Practice do not permit a party to add material or evidence to the record on appeal that was not considered below, and Bates cites no other authority that would permit him to do so. Accordingly, we sua sponte strike Bates's affidavit in support.

## B. Appeal of Eighth District's Judgment Dismissing Bates's Prohibition Complaint

### 1. Legal Standards

{¶ 16} Bates challenges the judgment of the Eighth District dismissing his prohibition complaint under Civ.R. 12(B)(6). This court reviews de novo a lower court's dismissal of a complaint for a writ of prohibition. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 16. Dismissal of Bates's complaint is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in his favor, that he is not entitled to extraordinary relief in prohibition. *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5.

{¶ 17} "To be entitled to a writ of prohibition, a relator usually must establish (1) that the respondent exercised judicial power, (2) that the respondent

lacked the authority to exercise that power, and (3) that the relator lacks an adequate remedy in the ordinary course of the law." *State ex rel. Rarden v. Butler Cty. Common Pleas Court*, 2023-Ohio-3742, ¶ 10. However, because Bates seeks to undo previous actions taken by Judge Clancy, he must show that she patently and unambiguously lacked jurisdiction to take those actions. *See id.*, citing *State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 2022-Ohio-4189, ¶ 20. If Bates makes this showing, he need not establish the third element. *Id.*

### 2. Megan's Law Governs Bates's Sex-Offender Classification

**{¶ 18}** In his complaint for a writ of prohibition, Bates alleged that Judge Clancy classified him as a "Tier III sex offender." He is mistaken. In her May 2019 journal entry, the judge classified Bates not as a Tier III sex offender but as an aggravated sexually oriented offender. Bates committed the relevant offenses prior to January 1, 2008, the effective date of Ohio's version of the federal Adam Walsh Act ("AWA"), 42 U.S.C. 16901 et seq. *See* 2007 Am.Sub.S.B. No. 10, Section 3. As explained below, "sexually oriented offender" is one of the classifications under Megan's Law whereas "Tier III sex offender" is a classification under the AWA. *State v. Schilling*, 2023-Ohio-3027, ¶ 6.

**{¶ 19}** In 1996, the General Assembly enacted Ohio's version of Megan's Law, which revised R.C. Ch. 2950 and "established a comprehensive system of classifying sex offenders into three categories: sexually oriented offenders, habitual sex offenders, and sexual predators." *In re Von*, 2016-Ohio-3020, ¶ 14. Under that law, an offender convicted of a sexually oriented offense who does not qualify as a habitual sex offender or sexual predator is classified as a sexually oriented offender. *See Schilling* at ¶ 25. Former R.C. 2950.01(O) defined "aggravated sexually oriented offense" as including certain rape offenses. When an offender has been convicted of such a rape offense and is not deemed a habitual sex offender or sexual predator, former R.C. 2950.09(B) requires that the offender be classified as an

aggravated sexually oriented offender. *See* Am.Sub.S.B. No. 260, 151 Ohio Laws, Part I, 1915, 2003-2004.

{¶ 20} We have upheld the General Assembly's decision to apply Megan's Law to those offenders who committed a sexually oriented offense before the law's effective date, concluding that classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of a criminal sentence. *State ex rel. Grant v. Collins*, 2018-Ohio-4281, ¶ 7, 17, citing *State v. Cook*, 1998-Ohio-291, ¶ 31, 47-50, and *State v. Ferguson*, 2008-Ohio-4824, ¶ 40; *see also Cook* at ¶ 38, 82, 97.

{¶ 21} In 2007, the General Assembly passed Ohio's version of the AWA, which repealed Ohio's Megan's Law and "created a system under which offenders are classified as Tier I, Tier II, or Tier III sex offenders based solely on the offense." *Grant* at ¶ 9. In *State v. Williams*, we held that unlike Megan's Law, the provisions of the AWA are punitive and thus cannot be applied retroactively. 2011-Ohio-3374, ¶ 21, 22. We later explained that our decision in *Williams* has had the effect of creating "separate statutory schemes governing sex offenders depending on when they committed their underlying offense." *State v. Howard*, 2012-Ohio-5738, ¶ 17. After *Williams*, we concluded that Megan's Law continues to apply to offenders who committed a sexually oriented offense prior to the effective date of Ohio's AWA. *Grant* at ¶ 13; *see also Von* at ¶ 23 ("sex offenders who committed their offenses prior to January 1, 2008, the effective date of the Adam Walsh Act, cannot be constitutionally classified pursuant to it"). In *Schilling*, 2023-Ohio-3027, at ¶ 7, citing *Howard* at ¶ 17, we stated that "[t]he AWA applies to sex offenses committed on or after January 1, 2008; Megan's Law applies to sex offenses committed prior to January 1, 2008, even if the defendant was convicted after the AWA's January 1, 2008 effective date." *See also Schilling* at ¶ 10, citing *Williams* at ¶ 22-23 and *Von* at ¶ 21.

{¶ 22} Here, Bates committed multiple sex offenses prior to January 1, 2008. Under *Grant* and *Schilling*, because Bates committed the offenses prior to the effective date of Ohio's AWA, he was subject to Megan's Law and Judge Clancy did not patently and unambiguously lack jurisdiction to classify him under Megan's Law in 2018. *See Grant* at ¶ 14, 16, 18 (affirming dismissal of prohibition action and concluding that trial court did not patently and unambiguously lack jurisdiction to hold H.B. 180 hearing under Megan's Law for offense that occurred before the law was in effect); *see also Schilling* at ¶ 10, 25-26 (applying Megan's Law to a defendant who committed sex offenses in 2007, prior to effective date of Ohio's AWA, but was convicted of those offenses in 2008). Judge Clancy's 2018 classification of Bates under Megan's Law is consistent with the sex-offender-classification jurisprudence we established in *Grant* and *Schilling*.

### 3. *Bates Has Not Shown that Judge Clancy Patently and Unambiguously Lacked Jurisdiction*

{¶ 23} As his first proposition of law, Bates contends that Judge Clancy lacked subject-matter jurisdiction to "re-open" his criminal case ten years after he was sentenced and modify the 2008 sentencing entry to classify him as a sex offender. He maintains that once the final judgment in his criminal case was entered in 2008, the trial court lost jurisdiction to "modify" his sentence. We reject Bates's first proposition of law for two reasons.

{¶ 24} First, in classifying Bates as a sex offender, Judge Clancy did not reopen his criminal case or modify his sentence. As noted above, "classification as a sex offender under Megan's Law is a civil, remedial consequence of the conviction and not a punitive component of criminal sentencing," *Grant*, 2018-Ohio-4281, at ¶ 17. Because sex-offender-classification proceedings under Megan's Law are civil in nature, they are legally distinct from the proceedings governing a defendant's underlying criminal sentence. *State ex rel. Hunter v. Binette*, 2018-Ohio-2681, ¶ 16.

**{¶ 25}** Moreover, "classification as a sexually oriented offender under Megan's Law and the attendant registration and reporting requirements do not arise from a trial court's judgment." *Schilling*, 2023-Ohio-3027, at ¶ 25. Rather, when a defendant has been convicted of a sexually oriented offense (as defined under Megan's Law) and does not qualify as a habitual sex offender or sexual predator, the "sexually oriented offender" classification attaches as a matter of law. *Id*. at ¶ 25-26. Here, Bates's conviction for an aggravated sexually oriented offense automatically conferred on him the "aggravated sexually oriented offender" classification once he was determined not to be a habitual sex offender or sexual predator. *See id*.; Am.Sub.S.B. No. 260, 151 Ohio Laws, Part I, at 2003-2004. Thus, Judge Clancy did not modify Bates's sentence or reopen the final judgment of conviction in classifying him as an aggravated sexually oriented offender under Megan's Law.

**{¶ 26}** Bates nevertheless relies on cases prohibiting the modification of a final sentence, including *State v. Raber*, 2012-Ohio-5636, *State v. Carlisle*, 2011-Ohio-6553, and *State v. Gilbert*, 2014-Ohio-4562. However, these cases are inapplicable. In *Raber*, we held that the trial court violated the constitutional prohibition against double jeopardy by classifying the defendant as a sex offender more than a year after imposing sentence. *Raber* at ¶ 26-27. But the AWA provided the basis for the sex-offender classification in *Raber*. *See id*. at ¶ 6, 15. This court has held that the AWA's offender-classification scheme "impos[es] additional criminal punishment on those convicted of sexually oriented offenses." *Id*. at ¶ 23, citing *Williams*, 2010-Ohio-3374, at ¶ 16, and *In re C.P.*, 2012-Ohio-1446, ¶ 86. In contrast, Judge Clancy classified Bates under Megan's Law, which is remedial rather than punitive. *See Grant* at ¶ 17. Therefore, our holding in *Raber* that postsentence classification as a sex offender under the AWA violates protections against double jeopardy does not apply here.

{¶ 27} In *Carlisle* and *Gilbert*, we held that the trial court in each case had vacated or modified a criminal sentence without statutory authority. *See Carlisle* at ¶ 12, 16; *Gilbert* at ¶ 3, 13. This case is different. Here, the May 2019 journal entry that Bates challenges did not vacate or modify his criminal sentence. The sex-offender classification and registration requirements inherent in Megan's Law do not affect the finality of a sex offender's convictions and sentence. *Grant*, 2018-Ohio-4281, at ¶ 17. And because the portion of the May 2019 journal entry classifying Bates as a sex offender did not modify his 2008 sentence, our holdings in *Carlisle* and *Gilbert* that a trial court lacks authority to modify a final sentence do not apply.

{¶ 28} Our decision in Bates's earlier appeal, *Bates*, 2022-Ohio-475, does not change the analysis. In that case, we held that the portion of the October 2018 journal entry imposing postrelease control was improper because res judicata precluded the State's collateral attack on Bates's sentence. *Id*. at ¶ 25, 32. The present appeal is distinguishable because it involves Bates's sex-offender classification, not postrelease control. As explained above, under Megan's Law, a sex-offender classification is civil and remedial in nature, attaches as a matter of law, and is not part of the criminal sentence; it thus differs from postrelease control, which is part of the criminal sentence. *See id*. at ¶ 21. Our holding in the 2022 *Bates* decision is therefore inapplicable.

{¶ 29} Second, we reject Bates's first proposition of law also because under Megan's Law, a trial court retains jurisdiction to conduct sex-offender-classification proceedings after sentencing. "[T]he court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to all matters at law and in equity that are not denied to it." (Cleaned up.) *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶ 16. R.C. 2931.03 grants the courts of common pleas "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of

common pleas." "'When [this court has found] that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction.'" (Bracketed text in original.) *Peterson* at ¶ 16, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9. Here, Judge Clancy had original jurisdiction over Bates's criminal case, and Bates has not cited any statutory authority that divested the judge of jurisdiction to conduct sex-offender-classification proceedings after sentencing.

{¶ 30} A trial court is not divested of jurisdiction over sex-offender-classification proceedings after sentencing, because such proceedings are civil in nature and thus separate and distinct from the criminal conviction and sentence. *See Grant*, 2018-Ohio-4281, at ¶ 17. Because the designation attaches automatically upon conviction, a trial court does not lack jurisdiction to designate a convicted defendant as a sexually oriented offender after sentencing. *See id*. at ¶ 13-14 (noting that an offender is automatically classified as a sexually oriented offender upon conviction for a sexually oriented offense).

{¶ 31} In fact, in *Grant*, we explicitly rejected a challenge to a trial court's jurisdiction to conduct sex-offender-classification proceedings after sentencing. Grant requested a writ of prohibition to prevent the trial-court judge from proceeding with a hearing to determine whether he should be designated a sexual predator under Megan's Law. *Id.* at ¶ 1. Grant had been convicted and sentenced in 1985, and he was still in prison in 2016 when he requested the writ. *Id*. at ¶ 2. The Eleventh District granted the judge's motion to dismiss, explaining that the judge did not patently and unambiguously lack jurisdiction to proceed, because the hearing provisions of Megan's Law required the judge imposing sentence or the judge's successor to determine whether an offender is a sexual predator. *See id*. at ¶ 4. This court affirmed on appeal. *Id*. at ¶ 13, 16-18. Like the trial-court judge in *Grant*, Judge Clancy had subject-matter jurisdiction under Megan's Law to conduct an H.B. 180 hearing to classify Bates before his release from prison.

**{¶ 32}** Because a trial court retains jurisdiction to conduct sex-offender-classification proceedings after sentencing, Bates cannot show that Judge Clancy patently and unambiguously lacked jurisdiction to classify him as an aggravated sexually oriented offender in 2018.

### 4. Bates Has Not Shown that He Lacked an Adequate Remedy in the Ordinary Course of the Law

**{¶ 33}** Because Judge Clancy did not patently and unambiguously lack jurisdiction to classify Bates as a sex offender, Bates must show that he lacks an adequate remedy in the ordinary course of the law. *See Peterson*, 2024-Ohio-2693, at ¶ 22. An appeal is generally considered an adequate remedy that will preclude a writ of prohibition. *State ex rel. Peterson v. McClelland*, 2017-Ohio-6922, ¶ 10. This court has held that a sex-offender classification may be appealed. *See State ex rel. Culgan v. Collier*, 2012-Ohio-2916, ¶ 1 (holding that the appellant had an adequate remedy by way of appeal from judgment classifying him as a sexual predator); *State v. Clayborn*, 2010-Ohio-2123, ¶ 14 (holding that even though sex-offender classification occurred as a matter of law, it could be challenged on direct appeal). Bates had an adequate remedy by way of appeal to challenge his sex-offender classification as an allegedly erroneous exercise of Judge Clancy's jurisdiction. *See Grant*, 2018-Ohio-4281, at ¶ 16, citing *Clayborn* at ¶ 16. Specifically, he could have appealed his sex-offender classification when he appealed the portion of the October 2018 journal entry that imposed postrelease control, *see Bates*, 2022-Ohio-475, at ¶ 1, 7, but he failed to do so.

**{¶ 34}** In sum, Bates has failed to show that Judge Clancy patently and unambiguously lacked jurisdiction to classify him as an aggravated sexually oriented offender. Further, he had an adequate remedy in the ordinary course of the law by way of appeal to challenge his sex-offender classification.

### 5. *The Eighth District Did Not Err in Denying as Moot Bates's Motion for Summary Judgment*

{¶ 35} Because resolution of Bates's first proposition of law is dispositive of this appeal, we do not address the arguments he raises in his second through fifth propositions of law, which present variations on his argument that Judge Clancy lacked jurisdiction to classify him as an aggravated sexually oriented offender. As his sixth proposition of law, Bates argues that because Civ.R. 56 does not explicitly prohibit early motion filing, the Eighth District erred when it denied his premature motion for summary judgment. This contention is irrelevant because the Eighth District did not deny Bates's motion for summary judgment because it was filed prematurely; rather, the court denied the motion as moot based on its resolution of Judge Clancy's motion to dismiss. *See* 2025-Ohio-4381 at ¶ 13-14, 39-40 (8th Dist.). The Eighth District did not err in doing so.

### C. Bates's Motion for Judicial Notice and Motion "to Give Effect to the Legislative Intent of R.C. 2950.03(A)(2), R.C. 2505.02 & Crim.R. 32(C)"

{¶ 36} While this appeal was pending, Bates filed a motion asking this court to take judicial notice of certain facts and documents relating to his criminal cases. He also filed a motion asking this court to "give effect" to two statutes and the criminal rule regarding judgments of conviction. We deny both motions as moot.

### III. CONCLUSION

{¶ 37} We affirm the judgment of the Eighth District Court of Appeals dismissing Bates's complaint for a writ of prohibition and denying as moot his motion for summary judgment. We sua sponte strike Bates's "affidavit in support," and we deny as moot his motion for judicial notice and his motion "to give effect to the legislative intent of R.C. 2950.03(A)(2), R.C. 2505.02 & Crim.R. 32(C)."

Judgment affirmed.

_____

Robert Bates, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, for appellee.

_____